MORGAN, ALIAS CARTER *v.* STATE OF INDIANA.

[No. 30,127. Filed September 27, 1962.]

*John M. Heeter,* and *Dulberger & Heeter,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *William C. Barnard,* Deputy Attorney General, for appellee.

LANDIS, J.—This is an appeal from a judgment convicting appellant of the crime of second degree mur-

der under an indictment charging him with first degree murder. Appellant was sentenced to life imprisonment and error is assigned on the overruling of the motion for new trial.

Appellant has set forth in his briefs on this appeal several specifications of error but in oral argument has conceded that if the specification as to the admission into evidence of the testimony of Vernon Morgan, a nine year old child, is not well taken, that the other alleged errors are not sufficient to warrant a reversal of the cause.

The specification in question raised by the motion for new trial is as follows:

> "Irregularities in the proceedings and orders of the Court and abuse of discretion by which said defendant was prevented from having a fair and impartial trial in this, to-wit:

> "The Honorable Richard Salb, Judge of this Court, erred in qualifying one Vernon Morgan, a minor nine (9) years of ago [sic,] said trial judge making said minor the Court's own witness, in the interrogation of said minor, said interrogation as to qualifications being limited only to the following in substance, to-wit:

> (a) Asked name and age of child;

> (b) Asked did child attend church;

> (c) Asked child did he know what it was to tell a lie;

> (d) Asked child if he knew he would be punished if he told a lie.

> "That the aforesaid examination was limited to the above and the defendant was prevented and precluded from further examination of said child as to his qualifications, and thus the child's interest, bias, prejudice, incompetence, relationship, influence and formed opinion concerning the defendant was not and could not be gone into and examined by defendant and his counsel."

Appellant cites Burns' §9-1603 (1956 Repl.)[1] providing that competent witnesses in criminal cases include:

"... all persons who are competent to testify in civil actions ...",

and Burns' §2-1714 (1946 Repl.)[2] providing that persons not competent as witnesses in civil cases are:

"... children under ten [10] years of age, unless it appears that they understand the nature and obligation of an oath. ..."

The record shows the following questions to have been asked the nine year old witness by the trial court, and the following answers given:

"The Court: Just a minute Mr. Petit—were you in Court before Vernon?
"Witness: No Sir.
"The Court: What's your name?
"Witness: Vernon Morgan.
"The Court: How old are you Vernon?
"Witness: Nine
"The Court: Do you go to Church?
"Witness: Yes sir.
"The Court: Do you know the difference between telling the truth and telling a lie?
"Witness: Yes sir.
"The Court: Do you know what it means to swear to God?
"Witness: Yes sir.
"The Court: Raise your right hand. Do you solemnly swear to tell the truth—the whole truth and nothing but the truth?
"Witness: I do.
"The Court: Proceed Mr. Petit."

---

1. Acts 1905, ch. 169, §235, p. 584.
2. Acts 1881 (Spec. Sess.), ch. 38, §275, p. 240.

. Appellant contends that although no objection or challenge was made to the child's testimony by appellant or his counsel that the court by its questions purported to make it appear that the child understood the nature and obligation of an oath, and that by so doing undue and prejudicial emphasis was placed on the testimony of this witness, who in effect, was made the court's witness before the jury so as to preclude a rigorous cross-examination; the cross-examination by counsel could cause jury resentment through taking of undue advantage of the child, but that a child's testimony should be cautiously received. No contention of incompetence of appellant's trial counsel has been urged.

Appellant does not dispute that the determination of whether a child under ten years of age is competent to testify is a question for the trial court, and when such court determines the witness to be competent, it would require a manifest abuse of discretion to authorize this Court to interfere. *Tyrrel* v. *State* (1912), 177 Ind. 14, 15, 97 N. E. 14; *Blackwell* v. *The State* (1858), 11 Ind. 196, 198; *Batterson* v. *The State* (1878), 63 Ind. 531, 536.

Appellant has contended nevertheless that there was an abuse of discretion in that the court upgraded the child's testimony and that this constituted reversible error, citing: *Thomas* v. *State* (1958), 238 Ind. 658, 154 N. E. 2d 503.

An examination of *Thomas* v. *State*, however, reveals that such decision does not lend appellant the support he would ascribe to it. In that case the trial court found two nine year old girls to be competent witnesses and this Court on appeal did not disturb that determination, but stated that the fact they were found to be competent witnesses did not up-grade the

credibility of their testimony. In such case we held the inconsistency of their testimony with the undisputed facts rendered their testimony so improbable that this Court must conclude there was not substantial evidence to support the conviction.

In the case before us there was no conflict of the child's testimony with undisputed facts so as to render such testimony improbable. In fact, from other evidence in the record, it was shown that appellant fired a gun two or three times at the deceased after stating that he had come to kill him. The evidence in the record was certainly sufficient for the jury to have concluded the killing was done with malice.

There is no question but that the trial judge should be cautious in admitting into evidence testimony of a child under ten years of age. *Simpson* v. *State* (1869), 31 Ind. 90, 91. Whether counsel should cross-examine a child or for that matter any particular witness, and if so, the extent of such cross-examination, are difficult questions that could well test the wisdom of Solomon. They perplex the most skilled trial lawyers, but decisions as to such matters concern equally both sides to lawsuits, and if orderly procedure is to prevail and litigation is to end sometime, parties through their attorneys must be held accountable for their action or non-action in the interrogation of witnesses in the trial court, both on direct and cross-examination.

The trial court in the present case asked the child whether he went to church, whether he knew the difference between telling the truth and telling a lie, and whether he knew what it meant to swear to God, all of which were answered in the affirmative. This line of questioning was certainly significant on the point of whether the child ". . .

understood the nature and obligation of an oath . . . ." as set forth in the statute.[3] The record does not contain any reference to any objections made by appellant during the child's examination by the court or the prosecuting attorney, and in view of the fact that appellant and his counsel permitted the child to testify without objection and made no motion to reject or strike out his testimony, appellant must be deemed to have waived any question as to the competency of such child as a witness or as to his testimony. *Pooley* v. *State* (1945), 116 Ind. App. 199, 204, 62 N. E. 2d 484; *Bartlett, Executor* v. *Burden* (1894), 11 Ind. App. 419, 422, 39 N. E. 175; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 584, 94 N. E. 236; *Bingham et al.* v. *Walk et al.* (1891), 128 Ind. 164, 173, 27 N. E. 483.

No question has been raised as to the incompetence of appellant's counsel in permitting such witness to testify or in permitting his testimony to be received without objection. Appellant cannot, subsequent to the admission of such testimony and long after the return of the verdict and discharge of the jury, properly raise questions as to the admissibility of the evidence or the qualifications of a witness which should have been urged at the trial. By the same token he cannot subsequently complain for the first time that undue and prejudicial emphasis was placed by the court on a witness' testimony or that it was allegedly up-graded by the court. Timely objection should be made to any improprieties that may occur during the course of a trial so that the trial judge may be informed and may take effective action to remedy the error or grievance com-

3. Burns' §2-1714 (1946 Repl.), Acts of 1881 (Spec. Sess.), ch. 38, §275, p. 240, *supra.*

plained of. And if a party is dissatisfied with the trial court's ruling the matter can then be reviewed on appeal.

As appellant's contention is not meritorious, and as appellant has conceded the remaining contentions do not constitute reversible error, the judgment of conviction must be affirmed.

Judgment affirmed.

Arterburn, C. J., and Bobbitt and Achor, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 185 N. E. 2d 15.