CURRY v. STATE OF INDIANA.

[No. 168S17. Filed June 5, 1969. No petition for rehearing filed.]

*Don R. Money,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Curtis C. Plopper,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction of attempt to commit rape while armed with a deadly weapon as charged in count 1 of an indictment. The case was submitted to the Court for trial without the intervention of a jury. Upon the finding of guilty, the defendant was sentenced to the Indiana Reformatory for the determinate period of ten years.

Appellant assigns as error herein the overruling of his motion for new trial, which stated that the finding of the Court was not sustained by sufficient evidence, and that it was contrary to law.

The evidence in this case is that about 5:30 A.M. on July 2, 1967, the appellant cut the screen on a window, thus gaining access to the bedroom of his intended victim. After gaining entrance to the room where the young lady was in bed, the appellant entered her bed, cut her night clothing with a knife and inflicted a wound with the knife in her shoulder. While this attack on the victim's person was in progress, she called to her mother for assistance. Both her mother and her father

responded to her call. When they entered the room, the appellant was lying on the victim, holding the knife in his hand. Her clothing was in disarray, and the appellant's trousers were unzipped. He threatened to kill the victim's mother and also threatened to kill her if the mother and father did not leave the room. The mother did leave the room and called the police.

Indianapolis Police Officer Garland Jones arrived on the scene in a remarkably short time and saw the appellant on top of the victim. He chased the appellant in the house, getting as close as six to eight feet to the appellant. Appellant jumped from a window. The Police Officer fired a warning shot, and then fired a shot which struck the appellant in the thigh. During this period of time Officer Jones observed a knife in appellant's hand, and as appellant was running from Officer Jones another Officer outside the house ordered the appellant to stop, at which time the appellant threw the knife he was holding at the other Officer. Officer Jones testified that he recovered the knife he had seen thrown at the other Officer, which knife was entered in evidence as State's exhibit number 1.

The question was raised in the memorandum in support of the motion for new trial that the victim was an incompetent witness for the reason that she had received a severe head injury when she was in the third grade at school, which injury left her in an incompetent mental state.

An examination of her testimony leaves no question but what she was of limited mental capacity and that she was easily confused and did give some contradicting statements in her testimony. She was, however, clear on the identity of the appellant, and the fact that he had injured her with a knife while lying on top of her in her bed. Her comprehension was such that she was able to call for help from her parents, and she was quite clear that the appellant had threat-

ened to kill her mother. There was no specific objection made to her testimony with regard to her competency. It is apparently appellant's theory that her incompetency was so apparent from her testimony that it should be totally disregarded and for that reason a new trial should be had. With this we cannot agree.

It was within the sound discretion of the Trial Court to consider the credibility and the weight of her testimony. The qualification of a child or a person of low mental ability does not require that she be a model witness nor is it necessary that she have an infallible memory or refrain from making inconsistent statements. We see nothing in the record that would indicate that she was an incompetent witness. The Trial Court was completely justified in admitting her evidence and weighing it with the other evidence, taking into consideration her limited capacities. *Martin v. State,* decided January 31, 1969, 251 Ind. 587, 16 Ind. Dec. 410, 244 N. E. 2d 100.

As pointed out above, there is sufficient evidence to support the finding of guilty of the defendant, even if the victim's testimony is completely disregarded. The evidence in this case could leave little doubt in the mind of any reasonable person that the appellant was in the act of attempting to commit a rape at the time he was seen by the victim's parents and by the arresting Officer. The facts in this case comply with the definition of an attempt as previously stated by this Court in the case of *Herriman et al. v. State* (1963), 243 Ind. 528, 532, 1 Ind. Dec. 127, 129, 188 N. E. 2d 272, 274, wherein it was stated:

> "An attempt to commit a crime has frequently been defined as occurring:
>
> " '. . . When a person's acts have gone to the extent of giving him power to commit an offense, unless interrupted, and nothing but such interruption prevents his commission of the offense . . .' 8 I.L.E. Criminal Law, § 10, p. 87; *Barrick v. State* (1954), 233 Ind. 333, 338, 119 N. E. 2d 550, 553."

From the foregoing we conclude that there was sufficient evidence upon which the Trial Court was justified in finding the appellant guilty of attempting to commit the crime of rape while armed. His decision in so finding was not contrary to law.

The judgment of the Trial Court is, therefore, affirmed.

DeBruler, C. J., Arterburn and Hunter, JJ., concur; Jackson, J., concurs in result.

NOTE—Reported in 248 N.E. 2d 30.