WRIGHT *v.* STATE OF INDIANA.

[No. 1069S255. Filed November 25, 1970. No petition for rehearing filed.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by indictment containing three counts, Count 1, rape, Count 2, incest and Count 3, sodomy. The appellant first appeared before the court and tendered a plea of guilty to the third count in the indictment. Upon presentation of evidence at the hearing on the guilty plea the appellant stated to the court that the statements of the witnesses were untrue. The court therefore refused to accept the plea of guilty and ordered the appellant tried as charged. Trial was had without a jury before the same judge who had conducted the hearing on the tendered plea of guilty. Trial resulted in a finding of guilty as to Count 3 in the indictment and appellant was therefore sentenced to the Indiana State Prison for not less than two nor more than fourteen years.

The facts as disclosed by the record are as follows:

The defendant's fourteen year old step-daughter testified that on the date in question she entered an upstairs bedroom in their home where she saw her nine year old half-sister and her step-father committing an act of sodomy. The nine year old daughter of the appellant testified that her father had ordered her to go upstairs to clean her room; that he followed her upstairs and forced her to commit acts of sodomy on him and committed acts of sodomy upon her person. She testified that this had happened many times. The fourteen year old girl testified that the defendant had asked her to commit acts of sodomy on several occasions.

The appellant first alleges error in that the court permitted two prosecuting witnesses, one aged nine years and the other aged fourteen years, to testify without first taking proper steps to qualify them as minor witnesses as required under Burns Ind. Stat., 1968 Repl., § 2-1714.

An examination of the record in this case fails to disclose any objection on the part of the appellant to the testimony of either of these witnesses. The record does disclose when the nine year old child took the witness stand before she was asked any question concerning the crime charged, she was asked if she remembered the judge asking her to raise her right hand and to tell the truth, to which she answered, "yes". She was then told that the prosecutor and defense counsel and perhaps the judge would ask her questions and was asked if she would answer those questions truthfully, to which she replied "yes". She was asked if she knew it was wrong to tell a lie, to which she answered "yes". She was asked if she was going to tell any lies to the court, and she said "no". In the absence of any objection on the part of the appellant this was ample questioning coupled with the personal observation of the general maturity and demeanor of the witness by the trial judge for the judge to exercise his sound discretion under the statute to permit the witness to testify. *Curry* v. *State* (1969), 252 Ind. 347, 248 N. E.

2d 30, 17 Ind. Dec. 668. Further, the failure of the defendant to object to the child's testimony must be treated as a waiver of any question as to the competency of such child as a witness. *Morgan* v. *State* (1962), 243 Ind. 315, 185 N. E. 2d 15.

The fourteen year old child, being over the age of ten years, is presumed to be a competent witness. However, the appellant alleges that she was incompetent for the reason that on cross-examination by the appellant's attorney she was asked if she had been in juvenile court. Her answer was "yes"; that she had been there for truancy, nothing else. She was then asked, "Have you ever been in a mental institution?" She said, "yes, sir." She was asked how long she had been out and she said that she got out March 14. (The trial was being conducted on the first day of August.) There is no further questioning concerning what institution she was in or how she got there. There is in fact nothing in the record other than the attorney's leading question to indicate she was in fact in a mental institution. There was no objection to her testimony and no motion to strike her testimony by reason of any incompetency which might have been developed as a result of any mental condition. An examination of the entire record of her testimony reveals straightforward and lucid answers to numerous questions. Under the circumstances, we must presume the competency of this witness. *Binder* v. *State* (1966), 248 Ind. 30, 221 N. E. 2d 886, 9 Ind. Dec. 592; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649.

The appellant next claims the court erred in failing to discharge and release the appellant upon rejecting his plea of guilty arguing the rejection of the plea of guilty is tantamount to a judgment of not guilty after hearing evidence on the plea. With this we cannot agree. We have said many times that a plea of guilty must be entered knowingly and freely. *Gates* v. *State* (1962), 243 Ind. 325, 183 N. E. 2d 601.

The purpose of a hearing on a plea of guilty is for the court to determine whether or not the appellant is fully ap-

prized of the consequences of his plea of guilty and also ■ to determine whether or not there is factual evidence that the crime to which he has attempted to plead guilty was in fact committed. In the case at bar after the witnesses testified, the appellant stated to the trial judge that their testimony was untrue. Under these circumstances the court had no alternative but to reject the plea of guilty and require the defendant to stand trial. It would indeed be a strange perversion of the law to hold that the refusal of the plea of guilty under these circumstances was tantamount to a finding of not guilty. At that point it was not for the court to say whether the appellant was guilty or not guilty, but only to determine whether the court could in keeping with constitutional safeguards accept a plea of guilty from the defendant. The finding of the court that it could not accept a plea of guilty is a far cry from a finding on the evidence that the person is not guilty of the crime charged. We hold that a refusal of a plea of guilty in no way constitutes a finding of not guilty nor does a subsequent trial on the merits of the case constitute double jeopardy.

The appellant next claims the court erred in failing to disqualify himself after hearing the evidence on the attempted plea of guilty. The transcript of the evidence both on the plea of guilty and trial on the merits of the case is before us in this record. We see nothing that occurred during the attempted plea of guilty which was not also heard on the subsequent trial nor do we find anything occurring in the record during the plea of guilty which would in any way disqualify the judge from subsequently hearing the case on its merit. There is no objection in the record to the judge serving as the trial judge nor was any motion made during or subsequent to the hearing objecting to the judge's participation in the case. We hold there is nothing in the record before us to indicate the trial judge was disqualified to hear the evidence in this case.

We hold that there was ample evidence before the court for

the court to find the appellant was in fact guilty of sodomy as charged.

The trial court is, therefore, affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—I am unable to agree with the conclusions and result reached by the majority and dissent thereto.

Appellant was and is now represented by pauper counsel, both appointed by the trial court, one for trial and one for appeal. The record before us discloses without question that appellant has suffered from lack of adequate representation which in turn has deprived him of his constitutional rights.

The State in the appellee's brief relies heavily on the "doctrine of waiver" asserting that appellant failed to comply with certain rules of this Court, failed to object to the admission of certain testimony, etc. and that he thereby "waived" objection thereto. The statute, § 2-1714 Burns' 1968 Replacement, relates to the competency of witnesses under age 10 and the State in its brief and the majority in the opinion lay stress on the "waiver" by the appellant in not objecting to the testimony of a witness or moving to strike the same. I concede it is possible for all such waivers to occur in trials.

I am also convinced, that too often pauper counsel is appointed from attorneys too young and inexperienced, too elderly, or perhaps too much obligated to the appointing court to afford their pauper client adequate and meaningful representation.[1] The doctrine of fairness and the duty of dispensing even handed justice in such cases falls by the wayside.

This cause should either be dismissed in order that a belated appeal may be perfected, or the Court, sua sponte, should order the cause remanded and a new trial granted appellant.

---

1. The condition here referred to does not exist in the case at bar.

Ramsey Clark, former Attorney General of the United States, has an article in the Saturday Review of September 19, 1970, entitled "Criminal Justice In Times Of Turbulence" that should be read and carefully considered by every person who has any interest in the field of law.

NOTE.—Reported in 264 N. E. 2d 67.