ELLIS CURRY *v.* STATE OF INDIANA.

[No. 172A37. Filed December 27, 1972.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SULLIVAN, J.—This is an appeal from a denial of Post Conviction Relief. The conviction from which Curry sought relief was from the crime of attempted rape while armed with a deadly weapon, to wit: a knife. The Indiana Supreme Court had earlier affirmed the conviction rejecting Curry's allega-

tion that the trial court's judgment, following trial to the court without a jury, was not sustained by sufficient evidence and was contrary to law. *Curry* v. *State* (1969), 252 Ind. 347, 248 N.E.2d 30. The facts and evidence with respect to the commission of the crime are fully detailed in the Supreme Court opinion and need not be restated here.

The issue presented for our consideration is:

> Did the court below err in its determination that no new material evidence had been offered by Curry at the Post Conviction hearing to justify the granting of the relief sought?

Curry did not testify at his criminal trial. At the Post Conviction hearing, he was the only witness and testified to the following as "new" evidence:

A. He stated that he had been invited by the girl to come into the house while her parents slept and that the "hollering" of the girl which awoke her parents was brought about by Curry's knocking over something and her fear that her parents would discover them.

B. He stated that he did not draw his knife until he was threatened by the girl's father with a shotgun.

As to Item A. of Curry's "new" evidence, contrary evidence is specifically set forth in the conviction affirmance by our Supreme Court to the effect that Curry gained entrance to the residence by cutting a window screen while the girl was in bed at approximately 5:30 A.M. There is additional evidence recited in the conviction affirmance that "[w]hile this attack on the victim's person was in progress, she called to her mother for assistance." *Curry* v. *State* (1969), 252 Ind. 347, 348, 248 N.E.2d 30. Curry's current contention therefore is not new evidence but is rather merely a belated attempt to introduce evidence known to him at his earlier trial for the purpose of contraverting evidence which supported his conviction.

With respect to Item B., it makes no difference whether the

father responded to his daughter's cries armed with a shotgun (though it should be noted that no mention was made of a gun at the original trial). The fact remains that there was evidence as noted by our Supreme Court that Curry used the knife upon the girl, i.e., "the appellant entered her bed, cut her night clothing with a knife and inflicted a wound with the knife in her shoulder." 252 Ind. 347, 348. Item B. therefore, is also merely an attempt to belatedly contravert evidence adduced against him in the original trial.

Rule PC. 1 § 1(a) (4) provides for relief from a conviction when "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." Rule PC. 1 § 1(b) however, just as specifically states that "the remedy is not a substitute for a direct appeal."

Even in the light of Curry's "new" evidence, it was entirely appropriate for the court below to deny post conviction relief. The evidence of record *in support of the conviction* was entitled to be considered by the court below as more credible than the self-serving "new" evidence alluded to by Curry during the post conviction hearing. Thus it was proper for the court to conclude that "the interest of justice" did not require vacation of the conviction. PC. Rule 1 § 1(a) (4), *supra*.

As stated in *Wilhoite* v. *State* (1971), 255 Ind. 599, 266 N.E.2d 23, 25 and as made applicable to post conviction proceedings by this Court in *Dixon* v. *State* (1972), 154 Ind. App. 603, 290 N.E.2d 731:

> "To justify a new trial, the newly discovered evidence (if it was newly discovered, which is not averred) must be material and decisive in nature and must be such as to raise a strong presumption that it would probably change the results of the trial."

It is apparent to us that appellant here does not argue new material matter but rather reargues the sufficiency of the evidence which convicted him and which evidence was fully

reviewed by our Supreme Court on direct appeal. Compare *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538, which involved a question of waiver and as related to inadequacy of trial counsel with respect to failure to include certain specifications of error in the Motion for New Trial.[1]

Judgment affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 290 N.E.2d 729.

---

1. In the context of the ABA Standards Relating to Post-Conviction Remedies (Approved Draft 1968) § 6.1 to which we alluded in *Dixon* v. *State, supra,* it could be said perhaps that Curry "waived" his right to present his "new" evidence when he elected to exercise his constitutional right, at his trial, not to testify.