Harold SMITH, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 281S49.

Supreme Court of Indiana.

Sept. 24, 1982.

Steven C. Smith, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged in a three-count information. Count I was for Burglary, Count II for Robbery While Armed, and Count III for Attempted Rape. He was tried before the bench and found guilty on Counts I and III and not guilty on Count II. He was sentenced to a ten (10) year term of imprisonment for burglary and thirty (30) years for the attempted rape, the terms to be served concurrently.

On April 12, 1980, P.S. and her roommate, S.I., returned to P.S.'s house trailer in Muncie at around 10:00 P.M. S.I. retired first and P.S. went to bed shortly after 11:30. About an hour later P.S. awoke to find a man in bed with her. The man held a knife to her throat and began fondling her breasts. He also carried a flashlight which remained switched on during the entire incident. Soon he pulled her panties down and began to fondle her genital area. He also unzipped his trousers. She testified she felt his penis on her leg. P.S. testified she tried to talk to him and discourage the attack. She was continually "scooting" away from him on the bed. Finally she scooted all the way to the edge of the bed until she banged her head on the wall. The resultant loud noise caused the assailant to flee the room.

P.S. awoke S.I. and the two found the contents of their purses scattered about the hallway. Each testified there was cash missing from the purses. P.S. testified the confrontation between her and the assailant lasted fifteen to twenty minutes. The police were called immediately and upon arrival found a cinder block on the ground beneath a living room window and found signs the window had been forced open.

On April 15, P.S. went to the Muncie police station after calling the station to ask if they had a picture of appellant. She asked about him specifically because in describing her assailant to a friend the latter remarked the description sounded like that of appellant who lived near P.S. in the trailer park. The officers did not confirm or deny they had his picture. At the station P.S. viewed a mug book and picked out appellant's picture as that of her assailant. The officers in no way identified appellant as one pictured in the mug book. At trial she also identified him as her assailant.

Appellant offered an alibi defense, which was essentially that he and his wife were at a party on the night of the assault and that they had a sandwich at a Village Pantry, finally returning home around 2:00 A.M. Other witnesses corroborated parts of the alibi.

Appellant claims the evidence is insufficient to support the verdict on both counts of which he was convicted. We will neither reweigh the evidence nor judge the credibility of witnesses. *Neice v. State,* (1981) Ind., 421 N.E.2d 1109.

The crime of attempt is committed by a person "when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." I.C. § 35–41–5–1 [Burns 1979 Repl.]. Rape is committed when "[a] person ... knowingly or intentionally has sexual intercourse with another person when [that] person is compelled by force ...." I.C. § 35–42–4–1 [Burns 1979 Repl.]. We have held any penetration, however slight, is sufficient to constitute "intercourse." *Ives v. State,* (1981) Ind., 418 N.E.2d 220. The evidence is sufficient to support a conviction for attempted rape if one can logically find beyond a reasonable doubt the attacker intended to accomplish some penetration by the use or threat of force and that he took a substantial step toward the accomplishment of that result. *See, Neice, supra; Himes v. State,* (1980) Ind., 403 N.E.2d 1377.

Appellant alleges the evidence and the reasonable inferences that can be drawn therefrom are insufficient to support a finding of the element of intent to commit rape. P.S. testified appellant had removed her nightgown, fondled her genital area, unzipped his pants and that she felt his penis on her thigh. The argument that this evidence and the inferences that can be drawn from it are insufficient to show appellant intended to penetrate the victim's vagina with his penis is ludicrous, to say the least. We have held far less evidence to be sufficient to support a finding of the intent to commit rape in a conviction for attempted rape. See, Neice, supra; Himes, supra; Curry v. State, (1969) 252 Ind. 347, 248 N.E.2d 30. The evidence here is sufficient to support the conviction for attempted rape.

Appellant claims his motion to suppress evidence of identification should have been sustained and that the evidence at trial is insufficient to support the identification element of the offense. However, the record reveals at trial P.S. positively identified appellant as her attacker. A police officer testified P.S. picked appellant's picture out of a mug book three days after the attack and identified it as a picture of her attacker.

Appellant asserts P.S.'s identification of him is not credible, due to various factors he alleges made it impossible for P.S. to have seen the attacker clearly enough to now identify him. The record shows the face to face contact between appellant and P.S. lasted fifteen to twenty minutes in a room illuminated by outside light filtering in through a window covered by a lightweight curtain and by appellant's flashlight switched on during the entire incident. There is nothing inherently incredible in the victim's testimony, given the other evidence introduced, to make her identification of appellant as her attacker suspect.

We also find the evidence is sufficient to support appellant's conviction for burglary. It is reasonable to infer P.S.'s attacker, identified by her as appellant, gained entry to the trailer by breaking and entering through the living room window and that he did so with the intent to commit a felony therein. See, I.C. § 35–43–2–1 [Burns 1979 Repl.].

Appellant claims the trial court erred in permitting the State to assert during final argument that the crime occurred at a time different than that named by the State in its "Response to Notice of Alibi." Appellant objected when the State argued during final argument the crime occurred between 12:25 and 12:45 A.M. In its response the State alleged appellant "committed the crimes . . . at *approximately* 12:45 A.M. . . . ." (Emphasis added.) Appellant claims the State's comment during argument prejudiced him because he had prepared his defense to account for his whereabouts at 12:45 A.M.

A variance by the State during offering of proof or argument as to the place where a crime has occurred from that alleged by the State in a response to alibi "must be of such a substantial nature as to mislead the accused in preparing or maintaining his defense" in order to constitute reversible error. Denton v. State, (1965) 246 Ind. 155, 157, 203 N.E.2d 539, 540. See also, Monserrate v. State, (1976) 265 Ind. 153, 352 N.E.2d 721; Riddle v. State, (1971) 257 Ind. 501, 275 N.E.2d 788. It is only logical to extend the same rule to a variance as to the time of the offense. Applying such rule we can hardly believe a variance of twenty minutes could mislead a defendant and render useless his alibi defense. Moreover, the State's Response stated the crime occurred at "approximately" 12:45 A.M. It certainly seems an argument the crime commenced at 12:25 and was completed at 12:45 is within the perimeter of the State's notice it intended to prove the crime occurred at "approximately 12:45 A.M."

We also question appellant's assertion he prepared his alibi defense to account for his whereabouts by "focus[ing] the testimony of his witnesses to the specific time the alleged crime occurred." A review of the testimony of the alibi witnesses shows they

attempted to account for his whereabouts at times ranging from 11:50 P.M. to 1:45 A.M. This belies the notion appellant was mislead by the 12:45 A.M. time mentioned in the Response.

■ Appellant claims the trial court erred in allowing two police officers to testify in rebuttal to his alibi witnesses because neither their names nor the substance of their testimony was provided to him in response to his discovery request made prior to trial. The record shows these officers, who investigated the offense at P.S.'s trailer, realized upon coming into court that appellant was the same man they had seen immediately prior to going to P.S.'s trailer when they asked for directions to her trailer. They also testified they saw him at 1:00 A.M. at a liquor store which they cruised past after talking briefly to P.S. This testimony contradicted the alibi testimony of appellant's wife.

We have held a judge may permit a rebuttal witness to testify even though he is not named on the State's list of witnesses, as it is impossible to anticipate that such witnesses will be called at all. *Tillman v. State,* (1980) Ind., 408 N.E.2d 1250; *Thompkins v. State,* (1979) Ind., 383 N.E.2d 347; *Chatman v. State,* (1975) 263 Ind. 531, 334 N.E.2d 673. There is no error with regard to this issue.

Appellant claims the thirty (30) year sentence imposed on the attempted rape conviction is suspendable under I.C. § 35–50–2–2 [Burns 1979 Repl.]. He asks this Court to so hold and remand the case for a new sentencing hearing in light of consideration of such holding.

■ The statute in question does not provide us with an answer on this issue. However, in reviewing the record of the sentencing hearing we see the trial judge made no statement as to the suspendability of this sentence though he heard argument on the question. At the end of the hearing he rendered the thirty (30) year executed sentence. I.C. § 35–50–2–2 makes it clear the judge's authority in suspending a sentence is discretionary unless certain contingencies are met, none of which are applicable here. We cannot tell whether the judge believed the sentence was non-suspendable or whether he believed it was suspendable but in his discretion decided not to suspend it. Error alleged but not disclosed by the record is not a proper subject for appellate review. *Daniels v. State,* (1980) Ind., 408 N.E.2d 1244; *Faught v. State,* (1979) Ind., 390 N.E.2d 1011; *Carpenter v. State,* (1978) Ind., 383 N.E.2d 815. We deem the question waived as there was no ruling made and thus no error disclosed on the question.

Appellant claims the trial court erred in limiting his cross-examination of P.S. The trial court sustained a relevancy objection by the State to appellant's questioning regarding P.S.'s financial transactions as reflected in her checkbook for the period of time immediately after the offense. These questions were asked to try to set forth appellant's theory of the case which was that P.S. fabricated the whole incident in order to cover up her theft of cash from her roommate's purse. The roommate had testified she found $105.00 in cash missing from her purse after P.S.'s assailant fled the trailer.

The scope and extent of cross-examination are matters largely within the discretion of the trial court. *Barnes v. State,* (1980) Ind., 403 N.E.2d 331; *Brandon v. State,* (1979) Ind., 396 N.E.2d 365; *Inman v. State,* (1978) Ind., 383 N.E.2d 820.

■ The trial court allowed a great deal of questioning of P.S. on this point before finally cutting off such questioning. The questioning covered amounts of deposits and withdrawals, the source of money deposited, and whether the source of some of the money deposited could have been from P.S.'s theft of money from a friend. By the time the questioning was cut off appellant was asking P.S. about her May, 1980, deposits with the offense having been committed on April 12. We see no abuse of the trial court's discretion in cutting off cross-examination at this point.

The trial court is in all things affirmed.

All Justices concur.