**Albert Christopher GIBSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 382S104.**

Supreme Court of Indiana.

June 24, 1983.

William J. Dougherty, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged with burglary of an Indianapolis apartment and theft, pursuant to Ind.Code § 35–43–2–1 and Ind.Code § 35–43–4–2. Upon conviction of both charges in a court trial, he received a sentence of twelve years for burglary and two years for theft. In this, a first and direct appeal, the issues presented are:

(1) Whether the trial court committed error in overruling an objection to his continued exercise of jurisdiction over the case; and

(2) whether the evidence was sufficient to convict.

During the pre-trial period in the court below, appellant made a motion to withdraw a previous plea of not guilty and to plead guilty to burglary pursuant to a plea agreement that was filed with the court. The court rejected the tendered plea and called for the trial to begin. Defense counsel objected orally to the judge hearing the case in a bench trial after rejecting the plea. The objection was overruled and the trial then took place.

■ The appellate claim that a fair trial was not had because of the lack of impartiality on the part of the trial judge, must be supported by a record showing such lack of impartiality. *Kleinrichert v. State,* (1973) 260 Ind. 537, 297 N.E.2d 822; *Wright v. State,* (1970) 255 Ind. 292, 264 N.E.2d 67. Appellant contends that this record shows that the presiding judge received and rejected the plea agreement and such a rejection standing alone should suffice to show disqualifying bias and prejudice of the judge.

A plea proceeding includes a conditional proffer to the court of an admission by the accused of guilt. Rejection of a plea agreement may rest upon considerations going to the question of guilt and the question of penalty. The law does not regard the judge's activity in evaluating these considerations as necessarily rendering that judge incapable of acting in the case as an impartial trier of fact.

■ It is common for trial judges to be called upon during the pre-trial and trial periods to determine the admissibility of confessions of guilt and other highly incriminating evidence on constitutional grounds. It is common for trial judges to have some knowledge of the past criminal record of those appearing before them for trial. It is common for a trial judge to have knowledge that more persons accused of crime in his court are convicted than are acquitted. A judge can, however, by reason of his legal education and experience, and his public charge to maintain the adversarial process, compartmentalize this type of knowledge, set it aside, and fairly and impartially apply the rules of evidence and the criminal standard of proof, and maintain the accused through the trial within the presumption of innocence. Accordingly, the judicial act of rejecting a plea agreement without more particular matter reflecting bias is insufficient to support a claim of this type.

■ In determining the question of whether the evidence was sufficient to convict, we do not weigh it nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890. Appellant asserts that the evidence is insufficient to prove that he had the intent to commit a felony at the time he entered the apartment or that while there he exerted unauthorized control over any property.

Indiana Code § 35–43–2–1, burglary, in pertinent part, reads:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony."

Indiana Code § 35–43–4–2, theft, in pertinent part, reads:

"A person who knowingly or intentionally exerts unauthorized control over

property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

The evidence tending to support the findings of guilt reveal that the complainant returned to her apartment to find her food and many items missing. The rooms had been ransacked. A window pane had been removed at the back door and the lock on the door was hanging loosely. She compiled a list of missing items. Paula Lancaster testified that she, along with appellant and his two brothers were at an apartment upstairs in the same building. The four determined upon a plan to break into the apartment to steal. The four went to the back door of that apartment, where appellant and one brother removed a pane of glass. Appellant then reached in and helped unscrew the lock. All four went in, whereupon she began to take food from the kitchen. She testified that she saw appellant leave with a pair of blue jeans. The complainant was unable to testify that jeans were taken in the incident.

Appellant's brother testified in a manner congruent with that of Paula Lancaster. He stated that they were afraid to go into the apartment after the door was opened and that appellant then said "Well, I'll go in." He did so and the others followed him. Together they looked around the apartment to see if anyone was there. The selection of items to be taken was then underway.

Appellant's specific contention is that there is little or no evidence that he took anything from the apartment or later shared in the ill-gotten gain. Consequently he contends that the evidence of an intent to commit a theft and of an actual act of theft is insufficient. The weakness of the proof tending to support the proposition that appellant personally carried out an item from the apartment does not render the conviction unsupported.

■ The testimony of Paula Lancaster and appellant's brother is sufficient proof to support convictions for both burglary and theft. Both testified that appellant was a conscious architect with the others of the

plan to break into the apartment to steal, and did deliberately engage in the break-in. Therefore, the evidence is sufficient to show a completed crime of burglary including the requisite intent when this entry was made.

■ Pertinent to determining the sufficiency of the evidence of theft is Ind.Code § 35-41-2-4, which provides:

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense."

According to the testimony appellant's companions stole many, many items from the apartment. Their commission of theft is clear. When, with knowledge of the design to steal, appellant led the others inside, and assisted them in carrying out the plan by looking about the apartment to insure that it was unoccupied, he committed the offense of theft by aiding the others. The evidence is sufficient to show a theft, even if there is insufficient evidence from which to conclude that he physically removed items himself.

The convictions are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.