**Vernon TURMAN, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 4–383A85.**

Court of Appeals of Indiana,
Fourth District.

Nov. 7, 1983.

Rehearing Denied Dec. 8, 1983.

Susan K. Carpenter, Public Defender, David R. Swinford, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Vernon Turman brought this action for post-conviction relief, seeking to set aside his earlier plea of guilty to the charge of Robbery, a Class B felony. The trial court denied Turman's petition, and he appeals,

contending the trial court erred in finding his plea had been entered knowingly, voluntarily, and intelligently.

We reverse.

■ Because Turman had the burden of proving he was entitled to post-conviction relief, he is here appealing a negative judgment. *Early v. State,* (1982) Ind., 442 N.E.2d 1071. We will reverse only if the trial court's decision is contrary to law. *Id.* Here, although Turman did not raise the issue, the record uncontrovertibly shows that the court accepting Turman's plea did not advise him that the court was not a party to any agreement between Turman and the prosecutor, as required by Ind.Code 35–4.1–1–3(e). Strict compliance with Ind. Code 35–4.1–1–3 is mandatory. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317. Failure to comply is fundamental error, *Brown v. State,* (1982) Ind.App., 435 N.E.2d 582, and precludes a finding that the guilty plea was entered knowingly, voluntarily, and intelligently. *Id.* Our supreme court has accord-

ingly held that, where the petitioner was not advised that the court was not a party to any agreement between him and the State, his subsequent guilty plea must be vacated. *Early v. State,* (Ind.1983) 454 N.E.2d 416. Thus, the trial court's finding that Turman's guilty plea was entered knowingly, voluntarily, and intelligently was contrary to law.

The trial court's judgment denying Turman's petition for post-conviction relief is accordingly reversed, and the cause is remanded with instructions to vacate Turman's guilty plea.

CONOVER, P.J., and MILLER, J., concur.