**Randy L. INGRAM,**
**Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–883A278.**

Court of Appeals of Indiana,
Fourth District.

May 14, 1984.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

Defendant-appellant Randy Ingram (Ingram) appeals his jury convictions for Robbery, a Class C felony, IND.CODE 35–42–5–1 and Resisting Law Enforcement, a Class A misdemeanor, IND.CODE 35–44–3–3(a)(3).

We affirm.

ISSUES

Ingram raises these issues:

1. Did the trial court err in allowing leading questions during the direct examination of the State's chief witness, Arnold?

2. Did the trial court commit fundamental error by failing *sua sponte* to hold a competency hearing to determine whether Arnold was competent to testify?

3. Is Ingram entitled to a new trial based on newly discovered evidence?

4. Did the trial court sufficiently explain its reasons for increasing Ingram's sentence for robbery?

FACTS

Following an argument, Ingram forcibly took bus tickets from Dennis Arnold (Arnold) whom Ingram claimed owed him money. Ingram immediately ran into a nearby alley. Arnold called for help, and a police officer chased Ingram. He stopped only after the officer threatened to shoot him. Arnold was 18 years old and enrolled in special education classes at the time of trial.

Ingram was sentenced to six years imprisonment for robbery and one year for resisting law enforcement.

DISCUSSION AND DECISION

## I. Leading Questions

Ingram contends the trial court abused its discretion in allowing leading questions in the State's direct examination of Arnold. We disagree.

A trial court is given wide discretion to allow leading questions. *Hedges v. State*, (1982) Ind., 443 N.E.2d 62, 66. Reversible error will be found only upon a showing of abuse of discretion. *King v. State*, (1984) Ind., 460 N.E.2d 947 at 950–51; *Bell v. State*, (1977) 267 Ind. 1, 3, 366 N.E.2d 1156, 1158; *Siblisk v. State*, (1975) 263 Ind. 651, 655, 336 N.E.2d 650, 652. Leading questions on direct examination may be proper where the witness is a young child or a weak-minded adult. *See* McCormick *Handbook of the Law of Evidence*, (2nd ed. 1972) § 6, p. 10; *accord, Johnson v. State*, (1977) 265 Ind. 689, 699, 359 N.E.2d 525, 532. Leading questions in such cases are permissible if they are carefully phrased to elicit coherent testimony and do not control the substance of testimony. *See, Borosh v. State*, (1975) 166 Ind.App. 378, 383, 336 N.E.2d 409, 412.

Arnold was a special education student at the time of trial. The prosecutor's leading questions referred to Arnold's background and his relationship with Ingram. They were phrased to allow Arnold to testify coherently. They did not control the substance of Arnold's testimony. He aptly narrated the events surrounding the robbery without suggestion by the prosecutor. The trial court did not abuse its discretion by permitting the State to use leading questions.

Ingram also suggests his right to cross-examination was unduly burdened because of the leading questions. This contention is not supported by cogent argument or citation of relevant authority. It is thereby waived. *Guardiola v. State*, (1978) 268 Ind. 404, 405–06, 375 N.E.2d 1105, 1107; *Platt v. State*, (1976) 168 Ind. App. 55, 58, 341 N.E.2d 219, 221.

## II. Fundamental Error

Ingram next contends the trial court committed fundamental error by not holding a competency hearing *sua sponte*. We disagree.

### a. Elements of the Doctrine

The fundamental error doctrine allows this court to consider the merits of an alleged error not properly preserved for appeal. *Blackmon v. State*, (1983) Ind., 455 N.E.2d 586, 590; *Rowley v. State*, (1982) Ind., 442 N.E.2d 343, 345; *Williams v. State*, (1983) Ind.App., 451 N.E.2d 687, 688. Before a court on appeal may consider such error, it must first make several inquiries. They include whether error appears plainly on the fact of the record, and whether the error was of such magnitude as to deny the defendant due process. *Rowley, supra*, 442 N.E.2d at 345; *Williams, supra*, 451 N.E.2d at 688. For the defendant to be denied due process the proceedings viewed as a whole must be devoid of any indicia of fairness. *Williams, supra*, 451 N.E.2d at 688–89 *quot-*

*ing Thomas v. State,* (1982) Ind.App., 442 N.E.2d 700, 701. Finally, the alleged error must have resulted from the mistake or misconduct of the trial judge *in the exercise of his own affirmative duties. Muday v. State,* (1983) Ind.App., 455 N.E.2d 984, 988; *Williams, supra,* 451 N.E.2d at 689; quoting *Thomas v. State,* (1982) Ind. App., 442 N.E.2d 700, 701; *Pedigo v. State,* (1980) Ind.App., 412 N.E.2d 132, 136.[1]

Unlike instructing a jury on the basic elements of a criminal offense, or advising defendants of their rights under our guilty plea statute, the trial judge is not required to act *sua sponte* in the area of witness competency. The trial judge must conduct a competency hearing only after the witness's competency is placed in issue. *Gosnell v. State,* (1970) 268 Ind. 429, 430, 376 N.E.2d 471, 472. Because the trial court had no duty to conduct a competency hearing until the matter was put at issue by one of the parties, its failure to do so *sua sponte* does not amount to fundamental error. Ingram's failure to raise the issue at the first available opportunity below, waives the issue on appeal. *Wright v. State,* (1970) 255 Ind. 292, 295, 264 N.E.2d 67, 69; *Morgan v. State,* (1962) 243 Ind. 315, 320, 185 N.E.2d 15, 17; *Wedmore v. State,* (1957) 237 Ind. 212, 220, 143 N.E.2d 649, 652.

Thus, the issue is waived.

### III. Newly Discovered Evidence

Ingram next contends evidence discovered after his conviction warrants a new trial. We disagree.

Motions for a new trial based on newly discovered evidence are viewed with disfavor. *Pedigo v. State,* (1982) Ind.App., 443 N.E.2d 347, 349. The newly discovered evidence must not with reasonable diligence have been discoverable prior to trial. It must also raise a strong presumption a new trial would produce a different result. *Helton v. State,* (1980) 273 Ind. 211, 402 N.E.2d 1263, 1267; Ind.Rules of Procedure, Trial Rule 59(A)(6).[2] Ingram seeks to introduce evidence he possessed cash in jail. The inventory sheet showed he possessed $1.76 at the time of arrest. Ingram claims this evidence showed he had cash and therefore had no motive to take money from Arnold. Ingram gives no reason why the inventory sheet was not discoverable before trial. We do not believe this evidence would result in a different verdict after a new trial. A jury could still conclude Ingram robbed Arnold of the tickets because Arnold previously owed Ingram money. No new trial is warranted.

### IV. Sentencing

Ingram contends the trial court failed to enumerate aggravating circumstances considered in enhancing his presumptive sentence for the robbery conviction. We disagree.

Class C felonies carry a presumptive sentence of five years imprisonment.[3] The trial court is given discretion to determine whether the presumptive sen-

---

1. For example, this district has found fundamental error where the trial judge fails to comply with the provisions of the guilty plea statute (IC 35–4.1–1–3 now recodified at IC 35–35–1–2), *Turman v. State,* (1983) Ind.App., 455 N.E.2d 630, 631; *Payton v. State,* (1983) Ind.App., 451 N.E.2d 334, 336; *Brown v. State,* (1982) Ind. App., 435 N.E.2d 582, 584. Our supreme court recently has found fundamental error where the trial court failed to instruct the jury on the specific intent to kill element of the attempted murder offense. *Smith v. State,* (1984) Ind., 459 N.E.2d 355, 357–358.

2. TR 59(A)(6) provides:
   (A) Motion to correct error—Bases for. The bases for a motion to correct error are

established, without limitation, as follows:
   ...
   (6) Newly discovered evidence which could not, with reasonable diligence have been discovered and produced at the trial; ....

3. 35–50–2–6 Class C felony
   Sec. 6. A person who commits a Class C felony shall be imprisoned for a fixed term of five (5) years, with not more than three (3) years added for aggravating circumstances or not more than three (3) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,000).

tence will be increased or decreased because of aggravating or mitigating circumstances. The record should disclose what factors were considered aggravating or mitigating when the presumptive sentence in felony cases is increased or decreased. *Hill v. State,* (1983) Ind., 445 N.E.2d 994, 996.[4] We will disturb the trial court's sentence determination only if it is manifestly unreasonable. Ind.Rules of Procedure, Appellate Review of Sentences, Rule 2; *Bell v. State,* (1980) Ind.App., 407 N.E.2d 1206, 1208. *See also, Hanic v. State,* (1980) Ind. App., 406 N.E.2d 335, 339. Our legislature has provided trial courts with specific sentencing guidelines in IND.CODE 35-4.1-4-7 which reads in part as follows:

> (a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person....

> (c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment

>     *     *     *     *     *     *

> (2) The person has a history of criminal activity.

>     *     *     *     *     *     *

> (4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

>     *     *     *     *     *     *

> (6) The victim of the crime was mentally or physically infirm.

> (d) The criteria listed in subsections (b) and (c) of this section do not limit the

---

**4.** 35-4.1-4-3 Sentencing hearing in felony cases

    Sec. 3. Sentencing Hearing in Felony Cases. Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present information in his own behalf. The court shall make a record of the hearing, including:

matters that the court may consider in determining the sentence.[5]

Ingram received 6 years imprisonment on the robbery count and one year on the resisting law enforcement count. The trial judge in the sentencing hearing cited the length of Ingram's juvenile criminal history and the victim's learning disabilities as aggravating circumstances. The trial judge further noted the lesser sentence would depreciate the seriousness of the crime. These findings were sufficient to justify the increased sentence.

Affirmed.

MILLER and YOUNG, JJ., concur.

(1) a transcript of the hearing;
    (2) a copy of the presentence report; and
    (3) if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes.
Now recodified at IC 35-38-1-3.

**5.** Now recodified at IC 35-38-1-7.