## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2018, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Vincent L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Deshawn Hutcherson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2018

Court of Appeals Case No.
29A04-1708-CR-1698

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1606-F6-4508

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Deshawn Hutcherson (Hutcherson), appeals his conviction for failure to return to lawful custody, a Level 6 felony, Ind. Code § 35-44.1-3-4(c).

We affirm.

# ISSUE

Hutcherson presents us with one issue on appeal, which we restate as: Whether the trial court judge committed fundamental error by not *sua sponte* recusing himself from Hutcherson's bench trial due to Hutcherson's pre-trial statements regarding a vacated plea agreement.

# FACTS AND PROCEDURAL HISTORY

In January 2016, Hutcherson was serving a sentence in residential placement in Hamilton County community corrections. Pursuant to the terms of his placement, Hutcherson was permitted to leave the facility for approved employment. On June 9, 2016, Hutcherson left the facility for work but failed to return as scheduled. Hutcherson was located by police officers on July 19, 2016, and terminated from the program for failure to return.

On June 14, 2016, the State filed an Information, charging Hutcherson with failure to return to lawful detention, a Level 6 felony. On January 12, 2017, Hutcherson plead guilty as charged pursuant to a plea agreement, and the trial court took the guilty plea under advisement until the sentencing hearing. At a

scheduled sentencing hearing, on April 6, 2017, the parties disagreed about Hutcherson's credit time and, failing to reach an agreement, Hutcherson requested to proceed to trial. Consequently, the trial court vacated the plea agreement and set the cause for trial. On May 5, 2017, the State amended the charging Information by adding a habitual offender enhancement.

[6] On June 12, 2017, the morning of the trial, Hutcherson waived his right to a jury trial. In support of this jury trial waiver, Hutcherson explained that he was only proceeding to trial because of the credit time disagreement with the State. He clarified that:

> This issue should have never came [sic] to this point. I mean I was trying to work this out with the prosecutor. I mean the issue with the plea that when we came here for the plea the last time was just that the time issue, I knew the time wasn't right on what they was trying to give me credit for.

(Transcript pp. 79-80). Following a bench trial, the trial court found Hutcherson guilty of failure to return to lawful custody, as a Level 6 felony. The court took the habitual offender enhancement under advisement until the sentencing hearing. On June 22, 2017, the parties submitted a stipulation of evidence regarding the habitual offender charge, and the trial court adjudicated Hutcherson as such. On June 29, 2017, the trial court vacated the habitual offender enhancement and sentenced Hutcherson to two-and-a-half years in the department of correction.

[7] Hutcherson now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[8] Hutcherson contends that the trial court judge should have recused himself *sua sponte* after Hutcherson made incriminating statements prior to trial. Indiana law presumes that a judge is unbiased and unprejudiced. *See Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003). To rebut this presumption, a defendant must establish from the judge's conduct actual bias or prejudice that places the defendant in jeopardy. *Smith v. State*, 770 N.E.2d 818, 823 (Ind. 2002).

[9] A trial before an impartial judge is an essential element of due process. *Everling v. State*, 929 N.E.2d 1281, 1287 (Ind. 2010). In assessing a trial judge's partiality, we examine the judge's actions and demeanor while recognizing the need for latitude to run the courtroom and maintain discipline and control of the trial. *Timberlake v. State*, 690 N.E.2d 243, 256 (Ind. 1997), *reh'g denied*. "Even where the court's remarks display a degree of impatience, if in the context of a particular trial they do not impart an appearance of partiality, they may be permissible to promote an orderly progression of events at trial." *Id.* Bias and prejudice violate a defendant's due process right to a fair trial only where there is an undisputed claim or where the judge expressed an opinion of the controversy over which the judge was presiding. *Smith*, 770 N.E.2d at 823.

[10] Our courts have long held that "[w]here a defendant fails to object or otherwise challenge a trial judge's remarks, any alleged error is waived on appeal." *Garrett v. State*, 737 N.E.2d 388, 391 (Ind. 2000). Therefore, where, like here, the defendant did not object, he can only seek review under the fundamental

error doctrine. *Ruggieri v. State*, 804 N.E.2d 859, 863 (Ind. Ct. App. 2004). The doctrine of fundamental error provides "an exception to the general rule that failure to object at trial constitutes procedural default precluding consideration of the issue on appeal." *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013). This "exception is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Id*. The error claimed must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process. *Id*.

[11] Focusing on the proceedings prior to trial, Hutcherson asks this court to deduce judicial bias from his own remarks in support of his request for a bench trial. He maintains that "[w]hat is presented to the [j]udge in this case clearly demonstrates that [Hutcherson] believe[d] that he is guilty and is making a request for consideration during sentencing prior to the commencement of trial." (Appellant's Br. p. 11). "The bias is clear here where the statements establish to the court that guilt is conceded without the [j]udge hearing any evidence." (Appellant's Br. p. 11). We disagree. Besides his own voluntary statement, Hutcherson cannot point to any demeanor or remarks *made by the trial judge* that would indicate even a minimum of judicial bias or prejudice.

[12] Furthermore, our supreme court has determined that a trial judge's knowledge of pretrial proceedings, including the admissions of guilt during unfinished plea proceedings, do not require recusal:

It is common for trial judges to be called upon during the pre-trial and trial periods to determine the admissibility of confessions of guilt and other highly incriminating evidence on constitutional grounds. It is common for trial judges to have some knowledge of the past criminal record of those appearing before them for trial. It is common for a trial judge to have knowledge that more persons accused of crime in his court are convicted than are acquitted. A judge can, however, by reason of his education and experience, and his public charge to maintain the adversarial process, compartmentalize this type of knowledge, set it aside, and fairly and impartially apply the rules of evidence and the criminal standard of proof, and maintain the accused through the trial within the presumption of innocence.

*Gibson v. State*, 449 N.E.2d 1096, 1097 (Ind. 1983). Hutcherson's own remarks, in which he appears to admit to the underlying charge, are no different than any other pre-trial admissions or failed plea negotiations. Therefore, we cannot find any error, let alone fundamental error, that would have required the judge's recusal.[1]

# CONCLUSION

Based on the foregoing, we conclude that the trial court judge did not err by failing to recuse himself *sua sponte*.

Affirmed.

---

[1] Hutcherson also raises a claim based on the Code of Judicial Conduct. However, we have previously recognized that "the Indiana Supreme Court has exclusive jurisdiction over alleged violations of the Code of Judicial Conduct. Therefore we cannot determine whether the trial judge violated a Judicial Canon because it is not a proper consideration for this [c]ourt." *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004).

Baker, J. and Brown, J. concur