LARRY L. STEINER v. STATE OF INDIANA.

[No. 669S140. Filed March 17, 1971. No petition for rehearing filed.]

*C. W. H. Bangs, Bangs, Mills & Rollo,* of Huntington, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This is an appeal from a conviction of the appellant of rape. A number of alleged errors are raised on this appeal, but we need only consider one of these, since we find error therein.

The first error assigned in the motion for new trial is the admission of the testimony of the sheriff, Holbrook, in which he gives a conversation he had with the victim of the alleged

that this was hearsay testimony and a conversation had outside the presence of the defendant and appellant herein. The transcript of this testimony reads as follows:

"Q. What did you do upon arriving at her home?

A. I talked to her a little bit on the way out to find out what happened. She said somebody had broken the door in. I examined the door. The door had been forced upon. She told me the story where these men had came in, forced the door and mixed up the drinks in the coffee pot. And one had forced her with a knife—

MR. BANGS: Now, we are going to object to conversation out of the presence of the Defendant.

THE COURT: The objection is overruled.

A. She told me how the subject carried her to the bedroom and forced her to have intercourse and tore her slacks. She told me the story and I believe her and her sister left for the hospital, and I continued my investigation. I was there until approximately five o'clock in the morning when I left. I picked up clothing and knives and just looked the situation all over. what had happened. To her story."

"It is proper to prove that the alleged victim made complaint soon after the occurrence, but it is not proper to permit the witness, who relates that a complaint was made, to give in detail a narrative or statement of what the victim said. Such a story would be hearsay and would open the door to a recital of the details of the alleged crime by those who did not have knowledge directly of the facts related." *Ketcham* v. *State* (1959), 240 Ind. 107, 111, 162 N. E. 2d 247, 249.

The State does not contend that this is competent testimony, but rather meets the point involved by stating that no timely objection was made thereto; that the question asked was entirely proper; and that the answer with reference to the conversation was voluntary and un-called for.

The State further urges that a motion to strike the conversation would have been the proper way of meeting the issue. A motion to strike, without question, would have been proper. However, it will be noted that the defendant's counsel objected to the conversation and the court overruled the objection and permitted the witness to continue the voluntary statement as

to the conversation thereafter. It seems to us that the defendant's counsel did all that he properly could do under the circumstances. A motion to strike would have been a futile motion after the court overruled his objections to the conversation, the major part of which followed after the court made its ruling. For the reasons stated, the case of *Peachee* v. *State* (1939), 216 Ind. 42, 22 N. E. 2d 979, is not in point. In our opinion, this conversation was hearsay and prejudicial, since the witness was a sheriff of some standing, and there was no reason for disbelieving him.

The judgment of the trial court is reversed, with directions to grant the appellant a new trial.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 370.