Willie Lee IRONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 479S98.

Supreme Court of Indiana.

Dec. 12, 1979.

Christian J. Gielow, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The defendant (appellant) was convicted of murder in the perpetration of a felony (first degree burglary) and was sentenced to life imprisonment. His direct appeal presents the following issues:

(1) Sufficiency of the evidence to sustain a conviction of the underlying felony, to-wit: first degree burglary.

(2) Failure of the trial judge to sentence the defendant's accomplice within thirty days from the entry of the accomplice's guilty plea.

(3) Deferring sentencing of the accomplice pending the trial of the defendant.

(4) Trying the defendant a second time, against a claim of double jeopardy, following the reversal of his prior conviction.

(5) Improper restriction of the defendant's cross examination of a State's witness.

\* \* \* \* \* \*

## ISSUE I

In challenging the sufficiency of the evidence, it is the defendant's contention that there was no evidence of a break-

ing into the premises where the homicide occurred and no evidence of an intention to commit a felony therein at the time of entry. The record does not bear him out. The testimony of Elmer Simms, his accomplice, disclosed that the witness and the defendant went to the home of the victim with the intention of burglarizing it, (transcript p. 125). They found the door locked but a basement window open. The defendant entered through the open window and then proceeded to open the door through which Simms then entered. It is unnecessary to decide whether or not the defendant's entry through an opening not intended for such purpose constituted a breaking within the meaning of the burglary statute. His accomplice entered by way of the door which had been secured against entry, and he is accountable for the acts of his accomplice committed in furtherance of the joint undertaking. *Barnes v. State,* (1978) Ind., 378 N.E.2d 839; *Metcalf v. State,* (1978) Ind., 376 N.E.2d 1157.

■ The defendant also contends that the evidence of first degree burglary was insufficient because there is no evidence that he and his accomplice entered the decedent's home with intent to commit a felony, as opposed to entering it with the intent to commit a misdemeanor. He asserts that the value of an electric canopener, the only property disturbed within the dwelling, could not have been more than $100.00. Thus, it is apparent that he mistakenly equates the degree of the crime of burglary, i. e. whether a felony or misdemeanor, to the value of the property stolen or intended to be stolen. In this, he is in error. The testimony of his accomplice was that they went to the premises with the intent to burglarize them. The taking of any property therefrom, regardless of its value, would have been a felony under Burns § 10–3030 and § 10–3039.

## ISSUES II & III
■ The defendant was convicted upon the testimony of his accomplice, who had previously entered into a plea bargain with the State, under the terms of which he was to plead guilty to entering to commit a felony, and the State was to recommend a seventeen year, executed sentence. The plea had been entered prior to the defendant's trial, but the judge had deferred sentencing thereunder and had announced that he would not sentence Simms until after the defendant's trial.

The plea agreement and the status of Simms' case were clearly disclosed to the jury by Simms, both upon direct and cross examination; hence there was no violation of the defendant's rights of disclosure of the witness' potential bias. *Walters v. State,* (1979) Ind., 394 N.E.2d 154; *Birkla v. State,* (1975) 263 Ind. 37, 323 N.E.2d 645; *Newman v. State,* (1975) 263 Ind. 569, 334 N.E.2d 684.

It is the defendant's position that by withholding Simms' sentence until after he testified at the defendant's trial, and particularly in delaying the sentencing beyond the thirty day period prescribed by Ind. Code § 35–50–1A–2, the judge assumed a prosecutorial role and denied the defendant his constitutional rights to due process. He has not favored us, however, with authority or logical explanation as to how such events prejudiced his fair trial rights, nor does the record disclose the judge's reason for deferring the sentencing of Simms. In any event, if rights were violated in this regard, they were rights belonging exclusively to Simms. The defendant's only right in the matter, insofar as we have ever learned, was to have a full disclosure of the circumstances, in order that the jury would consider the same in assessing Simms' credibility as a witness. *Walters v. State, supra; Birkla v. State, supra; Newman v. State, supra.* This right was scrupulously and effectively honored.

## ISSUE IV
■ The defendant's argument upon the double jeopardy assignment acknowledges that it is the law generally that one "who procures a judgment against him upon an indictment to be set aside may be tried anew upon the same indictment, or upon another indictment, for the same offense of

which he had been convicted." *Ball v. United States,* (1896) 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300. He correctly asserts that there are exceptions to this principle, citing *Sumpter v. Degroote,* (1977) (7th Cir. Court of Appeals) 552 F.2d 1206, which by way of dicta was critical of the application of *Ball v. United States, supra,* to cases wherein reversal was for want of evidence, as was done in *Bryan v. United States,* (1950) 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. His contention that some retrials should be barred, following a reversal of a conviction on appeal was supported in *Sumpter, supra,* and has been adopted in *Burks v. United States,* (1978) 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. His case, however, does not fall within the ambit of those cases, which related to reversals for want of evidence. As was said in *Burks, supra,* "[I]t should make no difference that the reviewing court, rather than the trial court, determined the evidence to be insufficient." It was also said therein, "We have no doubt that *Ball* was correct in allowing a new trial to rectify *trial error.*" (Emphasis ours.)

The defendant's prior conviction was not reversed for insufficiency of the evidence, but for trial error in the admission of improper evidence. The defendant and his accomplice were convicted in their first trial, wherein the confessions of each were admitted into evidence although they were tried jointly, and neither testified. On appeal, we held that the redactions in the confessions had not been adequate to avoid obvious inferences of involvement, against which the appellants could not cross examine, and the judgment of the trial court was reversed and new trials ordered.

It is true that at the first trial, but for the confessions improperly admitted, the evidence would have been insufficient to sustain the verdict. It is also true that, in essence, the evidence improperly admitted at the first trial is essential to his conviction in the second. However, that evidence was not inadmissible per se but was inadmissible at the first trial only because of the form in which it was tendered. At the first trial, he had no opportunity to cross examine the witness from whom the critical evidence

came. The retrial afforded him the opportunity that had previously been denied him. It does not appear, then, that he was, in reality, harmed by the error of the first trial, but without the retrial, that could not have been determined.

## ISSUES IV & V

On one occasion, on cross examination of State's witness, Officer Douglas, defense counsel asked whether it was common practice for co-defendants to testify against each other and mitigate their own culpability. On another occasion, counsel asked the whereabouts of one Bruce Williams, who at one time had been a suspect in the case. Objections were sustained to both questions. The questions were clearly irrelevant, and the objections were properly sustained. Evidence is relevant if, in the light of general experience, it logically tends to prove or disprove some issue of fact. *Cooper v. State,* (1974) 261 Ind. 659, 309 N.E.2d 807. We see no such tendency with respect to these questions.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.