Trevis Scott DOUGLASS, Appellant,

v.

STATE of Indiana, Appellee.

No. 683S218.

Supreme Court of Indiana.

Aug. 13, 1984.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Trevis Scott Douglass was found guilty by a jury in the Delaware Circuit Court of the crimes of robbery, a class A felony, burglary, a class A felony, and criminal confinement. The trial court subsequently sentenced the appellant to a term of thirty (30) years for the robbery conviction, thirty (30) years for the burglary conviction, and ten (10) years for the confinement conviction, said terms to be served concurrently.

Four issues are raised by the appellant for our consideration in this direct appeal as follows:

1. error of the trial court in refusing to dismiss the charge of burglary because a juvenile waiver hearing was not held concerning that charge;

2. refusal to dismiss the count of confinement since it was a lesser included offense of kidnapping;

3. exclusion of testimony of defense witness Dolly Smith;

4. prosecutorial conduct during final arguments.

The evidence tended to show that at approximately 1:30 a.m. on Sunday, March 21, 1982, John Buennagel and his wife Patty Buennagel, left her mother's house for their home. They parked their green Corvair automobile in the rear of the home and walked to the front door. They discovered the door standing partially open. As they entered, they found their home had been ransacked. Victim Patty Buennagel testified that the appellant and another person were in her home, ransacking it, when she and her husband came in. She further testified she was raped by the two men and that her husband was shot and killed. The two men then took her with them in her automobile and drove around for some time. They later released her and she drove herself home in her automobile.

I

Appellant was a seventeen-year-old juvenile at the time of the commission and the charging of this crime. He claims the trial court had no jurisdiction over the burglary charge as there had been no waiver hearing. The State contends no waiver hearing was required. One of Appellant's charges was felony murder and the underlying felony was burglary.

Ind.Code § 31–6–2–1(d) provides:

(d) The juvenile court does not have jurisdiction over an individual for an alleged violation of:

(1) IC 35–42–1–1 (murder);

(2) IC 35–42–3–2 (kidnapping);

(3) IC 35–42–4–1 (rape); or

(4) IC 35–42–5–1 (robbery), if:

(A) it was committed while armed with a deadly weapon; or

(B) it results in bodily injury or serious bodily injury;

if the individual was sixteen (16) years of age or older at the time of the alleged violation.

Once such an individual has been charged with any crime listed in clause (1) through (4) of this subsection, the court having adult criminal jurisdiction shall retain jurisdiction over the case, even if the individual pleads guilty to or is convicted of a lesser included offense. A plea of guilty to, or a conviction of, a lesser included offense does not vest jurisdiction in the juvenile court.

The same issue was presented in *Snodgrass v. State*, (1980) 273 Ind. 148, 406 N.E.2d 641, wherein appellant Snodgrass was charged with felony murder in the perpetration of a robbery. In responding to the same claim made by the appellant in the instant case, this Court stated:

"... the State could not have proved that Snodgrass committed this felony murder without also proving that he committed, or attempted to commit, the robbery, the *underlying* felony. The completed or attempted underlying felony is always a lesser included offense of felony murder. *Harris v. Oklahoma*, (1977) 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054; *Williams v. State*, (1978) [267] Ind., [700], 373 N.E.2d 142. See, *Elmore v. State*, (1978) [269] Ind. [532], 382 N.E.2d 893. There-

fore, charging a person with felony murder also, in effect, necessarily charges him with the underlying felony. *Webb v. State*, (1972) 259 Ind. 101, 284 N.E.2d 812. In terms of its legal effect, a separate underlying felony count adds nothing to the case. It does not level an *additional* allegation or charge against the defendant; ..."

■ Thus, it was not necessary for a separate waiver hearing in juvenile court for the appellant to be charged with burglary in criminal court.

■ The jury did not find the appellant guilty of murder, but found him guilty of burglary. Appellant was, of course, correct that if the jury had found him guilty of felony murder then the burglary would have merged with the felony murder and this would have precluded sentencing him for both crimes. *Biggerstaff v. State*, (1982) Ind., 432 N.E.2d 34. The State, however, is not precluded from charging the underlying felony. *Roberts v. State*, (1978) 268 Ind. 348, 375 N.E.2d 215, *reh. denied.* We therefore see no error in this issue.

## II

■ Appellant next claims the trial court erred in refusing to dismiss Count 6, confinement, as it was a lesser included offense of Count 5, kidnapping. The State contends that confinement is not necessarily a lesser included offense of kidnapping and that in any event the two charges were separate as they were based on different underlying facts. We need not consider this issue, however, since the jury found the appellant not guilty of kidnapping and guilty of confinement. Appellant was accordingly sentenced on the confinement charge only. He therefore shows no prejudice on which this Court could find reversible error.

## III

Appellant did not testify but his co-defendant, Tyrone Nelson, did. Nelson gave a different version of the incident. He testified he had been dating Patty for some time and that they had shared drugs, as well as sex, a number of times. He said Patty had asked him to come to her house and take furniture so an insurance claim could be filed. He also stated that Patty gave him money from time to time. His testimony was that he and the appellant went to the Buennagel home that night to fulfill Patty's request. While they were there, Patty's husband came in and an altercation ensued in which he was killed.

■ The defense then called Nelson's aunt, Dolly Smith, who was to testify to a conversation she had with Nelson regarding a white girl friend. Nelson implied in his testimony that he had told his aunt he was receiving money from a white girl and had asked his aunt for money on the eve of the crime. She had refused to give him any. He never identified that aunt as being Dolly Smith. The court refused to permit Dolly Smith to testify regarding a lengthy conversation with Nelson. In an offer to prove, it appears Smith would have testified that Nelson described the white girl to him, which would have matched the description of Patty, and had told her where the girl lived and this would have matched the location of Patty's house. Nelson did not testify to any such conversation and indicated in his testimony he had never been to Patty's house before the night of this incident. He stated only that he saw his aunt, whom he did not identify as Dolly Smith, and asked her for thirty ($30.00) dollars that night. The trial court sustained the State's objection that the testimony would be hearsay. We agree the testimony would be hearsay and, further, that it was nothing more than self-serving evidence to support Nelson's version of the incident. Appellant claims the defense had a right to the evidence under the *Patterson* rule, *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482. The application of the *Patterson* rule was discussed by this Court in *Lewis v. State*, (1982) Ind., 440 N.E.2d 1125, *cert. denied*, (1983) — U.S. —, 103 S.Ct. 1895, 77 L.Ed.2d 284.

"... *the key question* in determining whether or not an abuse of the *Patter-*

*son* rule has occurred *is whether the State has submitted evidence as to the relevant factual events in the case by directly examining* (and thereby making him available for cross-examination) *the witness-declarant about those facts.* What we will not permit is for the State to put in substantive evidence of the witness-declarant's version of the facts solely through the admission of the witness' prior statement under the pretext of the *Patterson* rule. At some point the State must put the declarant of the prior statement on the witness stand and elicit direct testimony as to the facts at issue.

We hold there was no improper application of the *Patterson* rule here. The declarant of the prior statements, the victim, had already withstood both direct and cross examination. The *content of her prior statements*, admitted through the three witnesses' recitations of her statements, *related to those same facts to which she herself had already testified* and about which she was or could have been cross-examined. Thus, the *Patterson* rule was not used to admit substantive evidence '*in lieu* of available and direct testimony of [the] witness.' (Emphasis added.) *Stone [v. State]* [(1978)], *supra,* 268 Ind. [672] at 678, 377 N.E.2d [1372] at 1375. There was no violation of the hearsay rule."

The State is correct in its contention that *Lewis* stands for the proposition that merely calling a witness to testify is not sufficient to justify a *Patterson* rule exception. The party wishing to use the hearsay evidence must elicit the necessary foundational testimony from its witness. Here, there was no foundational testimony from witness Nelson regarding this conversation and its content. No error was committed by the court in excluding this evidence.

### IV

■ Finally, the appellant claims reversible error was committed when the trial court denied his objection to comments of the prosecutor during closing arguments. After the prosecutor made the comments questioned by the appellant, defense counsel asked to approach the bench. The record shows no objection made by the appellant, as no objection was put into the record by the appellant at that time. The prosecutor continued with his final argument and completed it. The trial court then read final instructions to the jury and the jury retired to deliberate. At that time, the appellant stated to the court he had some objection to remarks made by the prosecuting attorney that he thought were improper although he advised the court he didn't remember exactly what they were at that time. He thought they were overly critical of the defense and were improper, and said he would have to look at the transcript to revive his memory as to the content of them. The court overruled his objection at that time. Again no further record was made. The appellant did not furnish the court with a text of the objectionable statements or ask the court for any remedial action. He did not move to strike the statements, to admonish the jury, or to declare a mistrial. The failure to complain of alleged errors at trial in a timely fashion results in waiver of the issue. *Suggs v. State,* (1981) Ind., 428 N.E.2d 226, *reh. denied; McCraney v. State,* (1981) Ind., 425 N.E.2d 151. Appellant has therefore not presented a reviewable issue meriting reversal.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.