Dale R. JACKSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–185A14.

Court of Appeals of Indiana,
Second District.

Nov. 21, 1985.

Nancy L. Broyles, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Dale Jackson appeals the judgment entered after a jury trial that resulted in three convictions for child molesting.[1] He raises two issues for our review:

---

1. Jackson was found guilty of three counts of child molesting, two class C felonies and one class B felony under Ind.Code § 35–42–4–3 (1982). He was sentenced to two five-year terms and one ten-year term, to run concurrently. He appeals his convictions of two molesting

1) whether the trial court erred in taking judicial notice of a witness's competency, and

2) whether there was sufficient evidence to support the conviction of child molesting through deviate sexual conduct?

We affirm in part and reverse in part.

## FACTS

In the spring of 1983, Jackson's wife ran a baby-sitting service in Columbus, Indiana. Jackson, sixty, and his nineteen-year-old son, Barry Jackson, were accused of molesting some of the children and, in separate trials, both were convicted.

The same judge presided at both trials. In the trial of Barry Jackson, held six days before the trial in the instant case, seven-year-old J.H. was extensively questioned regarding his understanding of his obligation to tell the truth and regarding a medication he was taking. Before J.H. was called to testify at Dale Jackson's trial, the judge stated she was "going to take judicial knowledge of having previously found [J.H.] competent to testify [in the previous case] ... and therefore, will find that [J.H.] is also competent to testify in this cause of action." Record at 169–70. When J.H. was sworn as a State's witness, he testified without objection to his competency.

J.H. testified that on occasion Jackson removed J.H.'s clothes in a bedroom with the door closed, that Jackson touched J.H.'s penis with his hand on several occasions, and that Jackson undressed and laid on top of him. The prosecutor asked J.H. if he had ever put his mouth on Jackson's penis, and J.H. responded he "didn't think so." Record at 218. J.H. testified he told his mother about Jackson's touching him and Jackson's undressing and lying atop him. J.H.'s mother and a deputy sheriff testified J.H. told them Jackson had put his penis between J.H.'s legs and into J.H.'s mouth.

charges based on Jackson's touching or fondling of, and his deviate sexual conduct toward J.H., a

Jackson denied the molesting charges and claimed the children must have confused him with his son.

## DISCUSSION

### I.

■ In Indiana, children under ten years old are not competent witnesses unless it appears they understand the nature and obligation of an oath. *Butler v. State*, 229 Ind. 241, 97 N.E.2d 492 (1951); Ind.Code Ann. § 34–1–14–5 (Burns Supp.1985) (applicable through Ind.Code § 35–37–4–1 (Burns Repl.1985)). The determination of whether a child under the age of ten is a competent witness is entrusted to the discretion of the trial court. *Simpson v. State*, 31 Ind. 90 (1869); *Newton v. State*, 456 N.E.2d 736 (Ind.App.1983).

■ In the instant case the trial judge said she was taking "judicial knowledge" she had previously found J.H. competent to testify in a related trial, and therefore was finding him competent to testify in the subject trial. Jackson argues the court erred in taking judicial notice of the records of a different trial; however, Jackson has waived the issue on appeal because he failed to object to the irregularity when J.H. was called as a witness.

"Timely objection should be made to any improprieties that may occur during the course of a trial so that the trial judge may be informed and may take effective action to remedy the error or grievance complained of." *Morgan v. State*, 243 Ind. 315, 320–21, 185 N.E.2d 15, 17–18 (1962). The failure of a defendant to object to a child's testimony acts as a waiver of any question of the competency of the child as a witness. *Wright v. State*, 255 Ind. 292, 264 N.E.2d 67 (1970).

The facts of the instant case do not evoke the constitutional questions discussed in *Smith v. State*, 443 N.E.2d 1187 (Ind.1983), a case relied upon by Jackson. In *Smith* the court held waiver is an inap-

male child.

posite concept when the question involves the competency of the defendant *to stand trial.* A defendant incompetent to stand trial cannot, of course, knowingly waive anything. Jackson, on the other hand, could and did waive any objection to the judge's method of determining J.H.'s competency to testify.

## II.

In his second issue, Jackson argues the evidence is insufficient to support his conviction for child molesting based upon deviate sexual conduct. Specifically, Jackson claims the only evidence regarding the commission of fellatio was statements made out-of-court by J.H. to J.H.'s mother and the deputy sheriff, and that J.H.'s in-court testimony repudiated these out-of-court statements. Jackson argues the un-

corroborated testimony of J.H.'s mother and the deputy sheriff, as *Patterson* [2] statements, are insufficient as a matter of law to sustain Jackson's conviction. To support his contention, Jackson relies on *Peckinpaugh v. State,* 447 N.E.2d 576 (Ind. 1983) and *Watkins v. State,* 446 N.E.2d 949 (Ind.1983) in which our supreme court concluded *Patterson* evidence is insufficient as a matter of law to sustain a conviction unless evidence appears in the record to otherwise credit the out-of-court statements. In *Watkins* and *Peckinpaugh,* corroborating evidence was necessitated by the declarant's in-court repudiation of the out-of-court statements.[3] The State, discussing neither *Watkins, Peckinpaugh,* nor the issue of repudiation, implicitly concedes J.H.'s out-of-court statements are the only evidence the act of fellatio occurred.[4]

---

2. *Patterson v. State,* 263 Ind. 55, 324 N.E.2d 482 (1975).

3. If the declarant's in-court testimony was identically inculpatory, the direct testimony would obviate any need for a discussion of the impact of the *Patterson* evidence or the need for corroborative testimony.

4. J.H.'s in-court testimony was both contradictory and equivocal when compared with his out-of-court statements. In court, J.H. denied observing Jackson ejaculate. Deputy Stout, however, testified to J.H.'s explicit description of the ejaculated substance. J.H.'s in-court testimony was that Jackson did not ever want J.H. "to do something to his [genitals]," (Record at 217) and he did not think he had touched Jackson's genitals with his mouth. However, J.H.'s mother and the Deputy Sheriff testified J.H. described an act of fellatio to them.

J.H.'s in-court testimony included the following recitation:

"Q. Did Mr. Jackson ever want you to do something to his thing?
A. No.

. . . . .

Q. Did you ever touch Mr. Jackson's thing with your mouth?
A. I don't think so.
Q. Well, now remember you and I have talked before, haven't we?

. . . . .

Q. Are you afraid of Mr. Jackson?
A. No.
Q. Are you nervous right now?
A. No.
Q. You going to tell everybody the truth?

A. Yes.
Q. Now, did Mr. Jackson have you put your mouth on his thing?

. . . . .

A. [J.H.], you can tell us—it's all right, okay?

. . . . .

Q. Did he or did he not, yes or no?
A. Will you repeat the question?
Q. Did Mr. Jackson ever have you put your mouth on his thing?
A. I don't think so.
Q. You don't think so.
A. Huh-uh.

. . . . .

Q. When Mr. Jackson touched your thing, did he do that with anything besides his hand?
A. No.
Q. Did you ever tell your mom about this?
A. Yes.
Q. Did you tell your mom everything that you and Mr. Jackson did?
A. I don't remember.

. . . . .

Q. Did you lay on top of Mr. Jackson?
A. I think so.
Q. Did this happen more than one time.
A. Yes.
Q. Where were you when this happened?
A. In the bedroom.
Q. Was the door open or closed?
A. Closed.
Q. Did you ever tell your mom about that?
A. Yes.
Q. Did Mr. Jackson say anything to you when he touched your thing?
A. No.
Q. [J.H.], did you ever see anything come out of Mr. Jackson's thing?

The State argues J.H.'s out-of-court statement to his mother is sufficiently corroborated by his out-of-court statement to Deputy Stout.[5]

 Considering their respective arguments, the parties have assumed J.H.'s out-of-court statements are *Patterson* evidence. Indeed, the admissibility of J.H.'s out-of-court statements are not an issue on appeal.[6] Under that circumstance, as a general rule this court would not consider the propriety of the ruling on admissibility. However, here, J.H.'s extra-judicial statements concerning the act of fellatio are classic hearsay statements [7] that were erroneously admitted over Jackson's hearsay objection. Thus, the effect of the general rule could result in affirming a conviction when the only evidence of an essential element is classic hearsay evidence that was inadmissible under any exception to the hearsay rule. Hearsay evidence, standing alone and not clothed with indicia of reliability associated with the exceptions which may render it admissible, is not sufficient evidence of probative value to sustain a conviction. Therefore, we deviate from the general rule in order to fulfill our appellate responsibility to review the evidence to insure the evidence and the inferences necessarily drawn from that evidence are suffi-

A. No."
Record at 217–23.

**5.** A recent decision of this court, *James v. State*, 481 N.E.2d 417 (Ind.App.1985), is instructive. In *James* this court considered the *Peckingpaugh* requirement that a repudiated *Patterson* statement must be corroborated by *other* substantial evidence of probative value before it can be used to sustain the State's burden of proof on an essential element of an offense. The court held this requirement is not met by a second *Patterson* statement which, of itself, would require corroboration. *See Watkins v. State*, 446 N.E.2d 949 (Ind.1983).

Perhaps anticipating *James,* the State seeks to avoid the rationale of *James* by arguing Deputy Stout's testimony reciting his conversation with J.H. is not *Patterson* evidence although it so argued at trial in response to Jackson's motion to strike the evidence. Rather, the State argues Deputy Stout's testimony was admissible under the complaint exception to the hearsay rule and, as complaint evidence, is proper corroborating evidence.

ciently reasonable and substantial to rise to the level of evidence beyond a reasonable doubt. *See Lottie v. State*, 262 Ind. 124, 311 N.E.2d 800 (1974); *Gaddis v. State*, 253 Ind. 73, 251 N.E.2d 658 (1969). As stated in *Baker v. State*, 236 Ind. 55, 138 N.E.2d 641 (1956):

"In considering the standard by which we review the evidence where it is challenged as being insufficient to sustain a verdict or finding, this court has often said there must be substantial evidence of probative value before we can decide an accused has been proved guilty beyond a reasonable doubt. This last rule places the evidence before the court on appeal, not for the purpose of weighing it, or for the purpose of determining the facts when there is actual conflict, but for the purpose of deciding, as a question of law, whether or not there is substantive evidence in support of the required material facts essential to a conviction. It is not enough to sustain a conviction that the evidence, when given full faith and credit, may warrant a suspicion or amount to a scintilla.' "

*Id.* at 60, 138 N.E.2d at 644 (citations omitted).

This argument is flawed. At trial, in response to Jackson's hearsay objection to Deputy Stout's testimony, the State argued its admissibility under *Patterson.* Accordingly, the entire detailed statement was admitted. Had the State urged admissibility under the complaint exception only, the fact of a complaint, and not a recitation of the details, would have been admissible. *See Steiner v. State*, 256 Ind. 189, 267 N.E.2d 370 (1971); *Ketcham v. State*, 240 Ind. 107, 162 N.E.2d 247 (1959). Therefore, by urging *Patterson,* the State was successful in securing the admission of the entire statement. While the State may not have invited error, the State cannot change its argument for admission on appeal when the appellate argument for admissibility would result in trial court error in the admission of the entire statement.

**6.** Jackson neither asserted the error in his motion to correct error nor in his appellate brief.

**7.** J.H.'s out-of-court statements were offered in court to show the truth of the matters asserted therein and thus their value rested upon J.H.'s credibility.

In *Patterson v. State*, 263 Ind. 55, 324 N.E.2d 482 (1975) our supreme court held relevant out-of-court assertions are admissible as substantive evidence if the declarant is present and subject to cross-examination. Significantly, the out-of-court declarant must acknowledge having made the statement.[8] *Watkins v. State*, 446 N.E.2d 949 (1983). If the declarant denies having made a statement or denies having any memory of doing so, the declarant is not subject to cross-examination and, accordingly, the statement is inadmissible as substantive evidence.[9] *Id.* Thus, the *Patterson* rule requires the proponent of the out-of-court assertion to obtain the declarant's *acknowledgment* that he made the assertion as a foundation for the admission of the assertion.

This does not mean, however, that the statement must be offered while the declarant is testifying. Once the declarant acknowledges he made the statement, the statement's subsequent admission through another witness is not error if the declarant is present and available for cross-examination. *Thurston v. State*, 472 N.E.2d 198 (Ind.1985); *Gaunt v. State*, 457 N.E.2d 211 (Ind.1983) (there cannot be cross-examination until evidence is received; subsequent availability for cross-examination must be shown.)[10] It does mean that the out-of-court statement cannot be admitted into evidence before the declarant acknowledges it.[11]

Here, J.H.'s out-of-court statements to his mother and Deputy Stout were received in evidence *after* J.H. testified. During J.H.'s testimony as a witness for the State he was not examined concerning the out-of-court statements asserting the alleged fellatio. Because the statements were oral and unrecorded, J.H.'s acknowledgment of his out-of-court statements that asserted Jackson fondled and undressed and laid atop him, are not an acknowledgment of any other statements, in particular, the assertion that J.H. stated an act of fellatio occurred. When a declarant acknowledges a written signed statement or a recorded statement, he necessarily is acknowledging its entire contents. However, when the declarant only acknowledges making a particular oral statement (such as J.H. acknowledging he told his mother Jackson fondled him), acknowledging the particular statement is not an acknowledgment of any other asserted oral statements. Further,

**8.** Whether the declarant admits, denies or professes no memory of making the statement is a question for the trial court. *Crafton v. State*, 450 N.E.2d 1042 (Ind.App.1983). Arguably, the fact the statement was electronically recorded, is in the declarant's handwriting, or bears his signature is sufficient evidence to support the determination that the declarant made the statement or has a present memory despite his present assertion to the contrary.

**9.** The declarant's denial or lack of recollection of making a statement is to be distinguished from the declarant's denial or lack of recollection of the specifics of the statement. Thus, our courts have held it is not error to admit an out-of-court statement when the declarant, while admitting making the statement, denies or professes no recollection of the particulars of the statement. However, when the declarant professes no recollection or denies the particulars of the proffered statement we deem it critical to its admission that the statement be "self-proving" in the sense that it is electronically recorded, written in the declarant's hand, or bears the declarant's signature. *Lowery v. State*, 434 N.E.2d 868 (Ind.1982) (tape recorded state-

ment). *See also Stone v. State*, 268 Ind. 672, 372 N.E.2d 377, 1372 (1978) (recorded guilty plea proceeding); *Lamar v. State*, 266 Ind. 689, 366 N.E.2d 652 (1977) (recorded grand jury proceeding); *Johnson v. State*, 480 N.E.2d 600 (Ind.App. 1985); *Lloyd v. State*, 166 Ind.App. 248, 335 N.E.2d 232 (1975) (written statement).

**10.** We also acknowledge the concern our supreme court has expressed concerning the practice of using the *Patterson* exception to put in substantive evidence of the declarant-victim's version of the facts in lieu of eliciting in-court testimony of the declarant-victim. *See Douglass v. State*, 466 N.E.2d 721 (Ind.1984); *Lewis v. State*, 440 N.E.2d 1125 (Ind.1982), *cert. denied*, 461 U.S. 915, 103 S.Ct. 1985, 77 L.Ed.2d 284 (1983); *Samuels v. State*, 267 Ind. 676, 372 N.E.2d 1186 (1978).

**11.** Nevertheless, if it is erroneously received prior to declarant's acknowledgment its premature admission has been held to constitute harmless error if the declarant subsequently testifies consistently with the out-of-court statement and is then available for cross-examination. *Brown v. State*, 271 Ind. 129, 390 N.E.2d 1000 (1979).

the record fails to reveal J.H. was in court and available for cross-examination after his asserted statements were received through the testimony of his mother and Deputy Stout. This, alone, rendered the out-of-court statements inadmissible. *Gaunt.* Therefore, because the State did not examine J.H. concerning the out-of-court accusation of fellatio, J.H. did not acknowledge the statement at any time during the trial. Consequently, the foundation required by *Patterson* for the admission of the out-of-court statements was not satisfied. The parties characterization of J.H.'s out-of-court statements as *Patterson* statements cannot clothe them with the respectability of that evidence. We consider it only for what it is—classic hearsay statements and inadmissible under any recognized statements.

Hearsay evidence is not sufficient evidence of probative value to sustain a conviction when it is the only evidence on an essential element of the offense. Of necessity, the fact finder is giving credit to the hearsay evidence based upon the credibility of the non-declarant witness through whom the out-of-court statement is admitted rather than upon the credibility of the declarant. That circumstance, which necessarily means the evidence was never subjected to the safeguard of cross-examination, deprives it of probative value.

In conclusion, the only evidence of an act of fellatio, an essential element of the offense of child molesting based upon deviate sexual conduct, was J.H.'s extra-judicial hearsay statements. That evidence, as a matter of law, is evidence without sufficient probative value to sustain a conviction.

Jackson's conviction of child molesting based upon deviate sexual conduct toward J.H. is reversed; the remaining convictions are affirmed.

BUCHANAN, C.J., concurs.

SULLIVAN, J., concurs.