Michael **LAMBERT**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 1285 S 520.

Supreme Court of Indiana.

Feb. 23, 1989.

Deborah Szczepanski, Cohen & Thiros, Merrillville, Stephen J. Senderowitz, Becker & Tenenbaum, Chicago, Ill., for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

DICKSON, Justice.

Defendant Michael Lambert was convicted of criminal deviate conduct and rape, resulting in two concurrent 25–year sentences. In his direct appeal, this Court affirmed the conviction of criminal deviate conduct and reversed the conviction of rape. *Lambert v. State* (1987), Ind., 516 N.E.2d 16 (Givan, J. and Pivarnik, J. dissenting to reversal of rape conviction).

Among the issues presented by defendant's petition for rehearing, we find merit in the contention that his conviction resulted from evidence erroneously admitted under the rule of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, and its progeny.

At his trial, the defendant presented a strong alibi defense in the form of several apparently disinterested witnesses whose testimony regarding defendant's whereabouts would have precluded his involvement in the crime. The jury, however, made a finding of guilt based upon the versions of the prosecuting witness as presented by her own testimony and her prior out-of-court statements as related by other witnesses. In resolving the issue in our original opinion, we concluded:

> As the proponent of the hearsay evidence, the State not only called the victim as a witness, but elicited from her the necessary foundational testimony regarding the specific evidentiary matters which were the subject of her prior out-of-court assertions. In addition, the victim underwent cross-examination upon such matters. This was a sufficient foundation to properly justify a *Patterson* hearsay rule exception.

516 N.E.2d at 21. We are now persuaded that our analysis and application of the *Patterson* rule was incomplete.

When the *Patterson* exception is sought to be applied to allow admission of hearsay as substantive evidence, the out-of-court declarant must also acknowledge having made the statement. When the declarant denies having made the statement in question or denies having any memory

of having done so, the statement is inadmissible under the *Patterson* rule. *Watkins v. State* (1983), Ind., 446 N.E.2d 949, 960; *Payne v. State* (1987), Ind.App., 515 N.E.2d 1141, 1144; *Jackson v. State* (1985), Ind.App., 485 N.E.2d 144, 148.[1] *Cf. Ruel v. State* (1986), Ind.App., 500 N.E.2d 1274. A party wishing to use hearsay evidence under the *Patterson* rule exception must elicit the necessary foundational testimony from the witness regarding the out-of-court statement and its content. *Douglass v. State* (1984), Ind., 466 N.E.2d 721, 724. However, a witness's subsequent denial of the truth of the matters asserted in a prior out-of-court statement does not mandate its exclusion from evidence. *Peckinpaugh v. State* (1983), Ind., 447 N.E.2d 576, 578; *Watkins*, 446 N.E.2d 949; *Lowery v. State* (1982), Ind., 434 N.E.2d 868, *cert. denied* (1986), 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900; *Smith v. State* (1980), Ind. App., 400 N.E.2d 1137, 1141.

■ Identification of the defendant as the victim's attacker substantially rested upon police testimony that the victim declared after the incident: 1) that she had seen the defendant inside a nearby van shortly after her assault; and 2) that upon being taken to the defendant's home, the victim said, "that's him, and he still has the shirt on that he had on when he raped me." The officer testified that after the latter statement the defendant's driver's license was obtained and shown to the victim in the police squad car.

However, at no time did the victim acknowledge having made these statements to the police officer. The victim testified that she was not able to see who was driving the van and denied telling the officer that she saw the person in the van. Furthermore, the victim's trial testimony merely established that when she and the police officer went to the house where the van was parked, as the squad car pulled up

the officer told the victim to "get low in the car, you know, to lay down on the seat." The victim testified that when one of the officers brought her the defendant's driver's license, she had "no doubt" that the person pictured on the driver's license was the same person that raped her. However, she testified that she did not personally observe the defendant. Likewise, she did not acknowledge making any statement to the officer that she observed and identified the defendant as her attacker.

Because the victim's testimony did not acknowledge the existence and content of her purported out-of-court assertions, the police officer's testimony relating the victim's out-of-court declarations was not admissible under the *Patterson* exception to the hearsay rule. Under the circumstances presented by the record in this case, we cannot find these errors harmless. A new trial is therefore appropriate to fairly determine the guilt of the defendant.[2]

Defendant's petition for rehearing is granted. Defendant's conviction of criminal deviate conduct is reversed, and this cause is remanded to the trial court for a new trial thereon.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissenting with opinion in which PIVARNIK, J., concurs.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion on a petition for rehearing. The matters recited in the majority opinion were placed before the jury for its consideration.

I do not agree that the trial court violated the *Patterson* rule. The very purpose for the witness being available for cross-examination after an out-of-court statement is placed before the jury is to verify such

---

1. A helpful discussion is found in *Jackson, supra,* footnote 9, regarding the interrelationship between a declarant's acknowledgment of having made the statement and the declarant's claim of no recollection regarding its particulars.

2. It is not necessary for us to determine whether, absent the erroneously admitted evidence, the remaining evidence was otherwise sufficient, because in either event retrial would not be precluded by the Double Jeopardy Clause. *Lockhart v. Nelson* (1988), 488 U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265.

statement. When the witness fails to verify that statement, I see no difference than when a witness makes a positive statement on direct examination and recants that statement on cross-examination. This type of situation presents the jury with conflicting evidence which it must weigh and resolve. I believe it to be improper for this Court to invade the province of the jury.

I would affirm appellant's conviction.

PIVARNIK, J., concurs.