Sam **HENDRICKS**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 54S01–9011–CR–730.

Supreme Court of Indiana.

Nov. 15, 1990.

Monica Foster, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Hendricks was convicted of class D felony battery. The Court of Appeals affirmed. *Hendricks v. State* (1990), Ind. App., 554 N.E.2d 1140. Although granting transfer to address one of the issues discussed by the Court of Appeals, we reach the same result. Judgment affirmed.

■ The defendant contends that the trial court erred in admitting testimony of the investigating police officer detailing the out-of-court statements of the victim's physician and defendant's wife that were made to the officer in the course of his investigation. Reviewing the admissibility of the out-of-court assertions under *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, the Court of Appeals found no error in the admission of the statements because the declarants' in-court testimony was consistent with their out-of-court statements. The Court of Appeals opined that "[a] declarant must either acknowledge making the prior statement, . . . or testify consistently with the out-of-court statement and then be subject to cross examination." 554 N.E.2d at 1144 (citations omitted). We grant transfer to clarify this statement, which is contrary to our decision in *Lambert v. State* (1989), Ind., 534 N.E.2d 235.

In the first of our two *Lambert* decisions, we allowed a *Patterson* exception to the hearsay rule because the out-of-court declarant also testified at trial "regarding the specific evidentiary matters which were the subject of her prior out-of-court assertions." *Lambert v. State* (1987), Ind., 516 N.E.2d 16, 21. On rehearing, however, we found that such analysis and application of the *Patterson* rule was incomplete and we unequivocally stated:

A party wishing to use hearsay evidence under the *Patterson* rule exception must elicit the necessary foundational testimony from the witness regarding the out-of-court statement and its content.

534 N.E.2d at 237. A comparison of the content of the in-court testimony to the details contained in the out-of-court assertion admitted under the *Patterson* exception led us to conclude:

> Because the victim's testimony did not acknowledge the existence and content of her purported out-of-court assertions, the police officer's testimony relating the victim's out-of-court declarations was not admissible under the *Patterson* exception to the hearsay rule.

*Id.* Mere in-court testimony consistent with the out-of-court statements, despite the resulting availability of cross examination, is not an adequate foundation to support admissibility under the *Patterson* exception.

> When the *Patterson* exception is sought to be applied to allow admission of hearsay as substantive evidence, the out-of-court declarant must also acknowledge having made the statement.

534 N.E.2d at 236.

■ In this case both of the out-of-court declarants testified, but neither expressly acknowledged having made the out-of-court statements attributed to them. It was thus error to admit their out-of-court statements. However, it is not necessary to reverse the conviction because we find that such errors were harmless under the circumstances. The factual content provided by the erroneously admitted hearsay was substantially the same as that provided by the in-court testimony of the declarants. The admission of hearsay evidence is not grounds for reversal when it is merely cumulative of other admitted evidence. *King v. State* (1987), Ind., 508 N.E.2d 1259.

The foregoing discussion addresses only the issue considered in Part II of the opinion of the Court of Appeals. In all other respects, the decision of the Court of Appeals is summarily affirmed pursuant to Ind. Appellate Rule 11(B)(3).

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents with separate opinion in which PIVARNIK, J., concurs.

ON CRIMINAL PETITION
FOR TRANSFER

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion as to their limitation of the *Patterson* rule. The majority cites its opinion on rehearing in the case of *Lambert v. State* (1989), Ind., 534 N.E.2d 235, (Givan and Pivarnik, JJ., dissenting).

As was pointed out in the dissent in that case, the fact that the declarant testifies at trial is sufficient to invoke the *Patterson* rule. I believe this is emphasized in the majority's opinion in this case when it holds that the *Patterson* rule was violated but that the violation did not constitute reversible error.

I think the trial court was correct in its application of the *Patterson* rule.

PIVARNIK, J., concurs.