**Gregory DYGERT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 20A04–9003–CR–102.**

Court of Appeals of Indiana, Fourth District.

April 8, 1991.

Monica Foster, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Julie L. Ezell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Gregory Dygert (Dygert) appeals his conviction by jury of Criminal Confinement, a class B felony. IND.CODE 35–42–3–3.

We affirm.

The one issue Dygert raises for our review is whether the trial court committed reversible error by admitting the hearsay testimony of Bridgett Bell (Bell) when the declarant was not questioned regarding whether he had made the statement.

On July 5, 1988, Todd McCormack (McCormack) was traveling on the Indiana Toll Road going to his home in Minnesota. While so doing, he experienced mechanical problems with his truck and pulled to the side of the road. McCormack tried to obtain help from nearby farmers to no avail. Several hours later, a highway department worker stopped and informed McCormack the State impounds inoperable vehicles if left too long on the roadside. The worker gave McCormack a ride to the nearest rest stop to seek assistance. After calling around, McCormack discovered it would cost more money than he had to tow his truck.

McCormack asked Bobbi Dygert, an employee at the stop, if she knew anyone who would help him tow his truck. Ms. Dygert's husband and his friend, Ricky Price (Price), agreed to get a chain and help tow McCormack's truck. McCormack offered to pay Dygert and Price $20 for their assistance.

All three drove to the Bright residence, where Dygert intended to borrow a tow chain. The evidence most favorable to the State shows Dygert threatened McCormack with a knife and demanded money. McCormack gave $20 each to Price and Dygert. Dygert then gave the knife to Price and went to borrow the chain. Bright would not lend Dygert the tow chain, and Dygert returned even more agitated. McCormack panicked and tried to get out of the truck. Dygert struck him, knocking him back into it.

Price drove off while Dygert continued hitting McCormack. Eventually, Dygert told Price to stop the truck and attempted to throw McCormack from it. While struggling, both men fell out. McCormack grabbed his bags from the truck bed and ran to the nearby house of Bell.

Dygert was charged with robbery and criminal confinement, but the jury convicted him on the criminal confinement charge only. He was sentenced to fifteen years in prison. The sentence was enhanced since it represented Dygert's fourth felony conviction. He appeals.

Additional facts as necessary appear below.

Dygert argues the trial court erred when it admitted Bell's testimony regarding what McCormack told her happened to him on the night of the offense. Dygert claims Bell's testimony was inadmissible hearsay under the *Patterson* [1] exception to the hearsay rule because no proper foundation was laid for its admission. Further, Dygert contends the error was not harmless. McCormack's testimony contradicted the statement he gave the police that night.

We agree with Dygert no proper foundation was laid to allow the testimony into evidence, but find the error harmless.

Hearsay evidence is defined as:

> ... testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.

*Patterson, supra,* 324 N.E.2d at 484. Such evidence is generally inadmissible under the hearsay rule. In Indiana, relevant out-of-court assertions are admissible as substantial evidence if the declarant is present and subject to cross examination. *Id.* Otherwise inadmissible hearsay evidence may be considered for substantive purposes and is sufficient to establish a material fact at issue when the hearsay evidence is admitted without a timely objection at trial. *Kinnaman v. State* (1977), 266 Ind. 622, 366 N.E.2d 165.

Dygert contends Bell's testimony is inadmissible because McCormack did not testify whether he told Bell what had transpired that evening. Dygert relies on *Lambert v. State* (1989), Ind., 534 N.E.2d 235, for the proposition the out-of-court declarant must acknowledge having made the statement before it can be admissible. In *Lambert,* because the victim's testimony did not acknowledge the existence and content of her purported out-of-court assertions, the police officer's testimony was

1. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482.

held inadmissible. Our supreme court held when the *Patterson* exception is sought to be applied to allow admission of hearsay as substantive evidence, the out-of-court declarant must also acknowledge having made the statement. *Id.*

Recently, our supreme court in *Hendricks v. State* (1990), Ind., 562 N.E.2d 725, clarified the foundation needed before admission of a statement under the *Patterson* rule. The court stated mere in-court testimony consistent with the out-of-court statements, despite the resulting availability of cross examination, is not an adequate foundation to support admissibility under the *Patterson* exception. The out-of-court declarant must also expressly acknowledge having made the statement. Otherwise, it would be error to admit such statements. *Id.*, at 725–726.

McCormack was never asked while he was on the witness stand whether he made any statement to Bell. The State asked Bell the following questions:

By Mr. Wicks:

Q. What transpired, then that evening?

A. I'm sorry, what?

Q. What happened that evening?

A. What he told me or what I—

Q. He came to your house and [*sic*] tell me what happened next.

A. He came to my house. He knocked on my door. I answered it.

Ms. Heamon: Objection. Again, same objection. Whether it comes in through her volunteering or counsel asking it, it's still hearsay and no pattern of foundation has been laid, your Honor.

Mr. Wicks: The witness has already testified, your Honor.

Ms. Heamon: But there is case law that talks about what needs to be laid and it has not been met.

(R. 438–400).

■ The defense stated a continuing hearsay objection to Bells's testimony on this topic, which the judge overruled. The State then continued the direct examination of Bell:

By Mr. Wicks:

Q. I think my question was: did Todd tell you how he was robbed?

A. Yes.

Q. What'd he tell you?

A. He told me that they stuck a knife to his throat and they took his money.

Q. What else happened that night, then, from that point on?

A. I let him in my house and I called the police.

(R. 442–443).

The State contends the testimony was not inadmissible hearsay because it was not offered to prove the truth of the fact asserted by the declarant. It asserts it was used instead to explain a particular course of action taken by the person testifying, not to prove the truth of the third party's statement. *DeMotte v. State* (1990), Ind. App., 555 N.E.2d 1336, 1341, *reh. denied, trans. denied; Coleman v. State*, (1989) Ind., 546 N.E.2d 827, 831, *reh. denied.* We disagree.

While the testimony did demonstrate why Bell opened the door for McCormack, it included more information than motive. She continued, "He told me that they stuck a knife to his throat and they took his money." (R. 442–443). Furthermore, the State in making its closing argument said:

Now, how are you going to resolve the conflicts in the testimony of this case? I suggest to you that the key in this case is with the witness who testified before you because there's one witness and one witness only who had absolutely no stake in the outcome of this case, who couldn't care less whether Greg Dygert's convicted or not. Who really just came in and told the truth and that person was Bridgett Bell. That is the one witness who you can rely upon for telling the absolute truth because she has no stake in this case.

(R. 686–687). Thus the State was not using Bell's testimony to explain a particular course of action, but to prove asserted facts. By holding her testimony out as truth of a material fact at issue, the testimony was inadmissible hearsay.

However, it is not necessary to reverse the conviction because we find the error to be harmless under the circumstances. The conviction was for criminal confinement only, not robbery and confinement as originally charged. Therefore, the jury did not base their verdict on Bell's hearsay testimony. Moreover, the factual content provided by the erroneously admitted hearsay was substantially the same as that provided by the in-court testimony of the declarant. (R. 352–366). The admission of hearsay evidence is not grounds for reversal when it is merely cumulative of other admitted evidence. *Hendricks, supra* at 726; *King v. State* (1987), Ind., 508 N.E.2d 1259.

Affirmed.

MILLER and BAKER, JJ., concur.