Aaron ALVA, Appellant,

v.

STATE of Indiana, Appellee.

No. 05S02–9301–CR–001.

Supreme Court of Indiana.

Jan. 4, 1993.

Robert G. Forbes, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

### ON PETITION TO TRANSFER

KRAHULIK, Justice.

Aaron Alva (Defendant–Appellant) was found guilty by a jury of child molesting, a class C felony, *Ind. Code* § 35–42–4–3. He received a sentence of eight (8) years. The Court of Appeals, in a memorandum decision, affirmed the conviction. *Alva v. State* (1992), Ind.App., 594 N.E.2d 533. In his petition to transfer, he raises the following issues: (1) Whether the trial court violated the *Patterson* rule by admitting the mother's testimony giving details of the incident; (2) whether the trial court erred by permitting an expert to accredit the child's testimony; and (3) whether the sentence was manifestly unreasonable.

The relevant facts are not disputed that on two consecutive weekends Alva took a shower with his nine-year-old former stepson. During each of the showers, Alva washed the entire body of the boy, including his penis, with a washcloth. Other facts are provided as necessary.

### *Patterson Rule* [1]

Alva asserts that the trial court improperly permitted the boy's mother to testify to details of the shower incident because the requirements of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, were not satisfied. More specifically, he claims that the challenged testimony contravened *Patterson* because the boy did not acknowledge making the statements. *Lambert v. State* (1989), Ind., 534 N.E.2d 235.

At trial, the boy testified that he showered with Alva approximately five (5) times, that during the last two showers, Alva washed him, that Alva washed the boy's penis "long and slow," and that he

---

**1.** This Court abolished the *Patterson* rule in *Modisett v. State* (1991), Ind., 578 N.E.2d 649, but specifically noted that the change in the law would not be given retroactive application. Alva was tried in January of 1991, before *Modisett* was decided; consequently, the *Patterson* rule was in effect.

told his mother about the showers, but could not remember what he had told her, although he thought the conversation occurred the night of the last shower. The boy also demonstrated how Alva washed him. The boy's mother (Alva's ex-wife) testified that she and the boy talked about the showers the Friday after the second shower in which Alva washed the boy, that Alva made the boy take showers with him, that the boy told Alva that he did not want to take showers with him, that the boy told his mother that he did not feel comfortable taking the showers with Alva, that the boy told her it did not feel right when Alva washed him, although the boy did not know why, about the manner in which Alva washed the boy's penis, that the washing took longer than it normally would take the boy, that the boy after the shower incident became a distant child who fought with his stepsister, and the mother demonstrated how Alva washed the boy's penis.

In *Patterson*, we held that out-of-court statements by a declarant who is present and available for cross-examination may be used as substantive evidence. 263 Ind. at 58, 324 N.E.2d at 484. The party offering the out-of-court statement as substantive evidence has the burden of proving the proper foundation which requires that the declarant, at trial, acknowledge making the statement and offer live testimony consistent with it. *Traver v. State* (1991), Ind., 568 N.E.2d 1009, 1012. The purpose of the foundational requirement is to insure that the statement was actually made and to preserve the defendant's right to cross-examination. *Id.* If the declarant denies having made the statement or denies having a memory of making the statement, the statement generally is inadmissible under the *Patterson* rule. *Lambert v. State* (1989), Ind., 534 N.E.2d 235, 237. The evidence, however, may be admissible under *Patterson* where there is evidence from which the trial court can conclude that the witness made the statement and remembered making the statement, but is feigning lack of memory. *Traver*, 568 N.E.2d at 1012. The trial court is to determine the admissibility of the out-of-court statement as substantive evidence on the basis of the witness' entire testimony. *Hodges v. State* (1988), Ind., 524 N.E.2d 774, 782. The obvious benefit of the *Patterson* rule is that it permits the admission of testimonial evidence of guilt that would otherwise be lost. *Traver*, 568 N.E.2d at 1012.

The boy's testimony acknowledged that at some point he had talked to his mother about the shower incident. The boy, however, could not remember what he had told his mother, nor could he remember when the conversation took place. Under the circumstances presented by the record in this case, the boy's testimony does not adequately acknowledge the existence and content of the purported out-of-court statements and, therefore, the mother's testimony relating to the boy's out-of-court statements was not admissible under the *Patterson* exception to the hearsay rule.

As a result of the inadmissible evidence being part of the record, we must consider the effect that the evidence had on the trier of fact to determine if the erroneous admission of evidence requires reversal. The erroneous admission of evidence will result in reversal only if there was prejudice to defendant's substantial legal rights. *Bustamante v. State* (1990), Ind., 557 N.E.2d 1313, 1317. In determining whether a reversal is appropriate due to erroneously-admitted evidence, this Court has the duty to assess the probable impact of the evidence. *Short v. State* (1982), Ind., 443 N.E.2d 298, 308. Where the inadmissible evidence is merely cumulative and not decisive of guilt, the introduction of the evidence is not prejudicial error. *Watkins v. State* (1984), Ind., 460 N.E.2d 514, 515. Reversal is compelled, however, where the record as a whole discloses that the erroneously-admitted evidence "was likely to have a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict." *Mitchell v. State* (1972), 259 Ind. 418, 424, 287 N.E.2d 860, 863.

The actual washing in the shower is not disputed. The boy and Alva testified to the shower and the washing. Alva, however, maintained that he did not have an

intent to gratify sexual desires during the incident. The mother's testimony described the incident in greater detail and provided the evidence, although scant, from which intent could be inferred. Thus, the *Patterson* statements were not merely cumulative. Consequently, we conclude that the erroneously-admitted evidence contributed to the conviction and resulted in prejudicial error. *Mitchell,* 259 Ind. at 424–25, 287 N.E.2d at 863. Therefore, the conviction for child molesting is reversed and a new trial is ordered. *See Irons v. State* (1979), 272 Ind. 287, 290–91, 397 N.E.2d 603, 605–606.

Additionally, Alva asserts that it was improper to allow an expert to "vouch" for the child's testimony and that his sentence was manifestly unreasonable. Our resolution of the *Patterson* issue renders a ruling on these arguments unnecessary.

## CONCLUSION

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals, reverse the conviction of child molesting, and remand this case to the trial court with instructions to grant a new trial.

SHEPARD, C.J., and DeBRULER, and DICKSON, JJ., concur.

GIVAN, J., dissents, with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. As correctly stated in the majority opinion, the victim testified in detail as to the manner in which the defendant washed him in the shower. That evidence standing alone was sufficient to convict appellant.

The fact that the mother testified as to what the victim had told her was admissible under the *Patterson* rule, *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, then in effect. Even if the *Patterson* rule were not used in this case, I believe it is clear that the mother's testimony merely

was cumulative albeit more detailed than the victim's testimony.

I would affirm the trial court.